(513592)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK
### ROCHESTER DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )     O1-CV-6329 CJS
COMMISSION )

     )     HON. CHARLES J. SIRAGUSA

                 Plaintiff, )

     )

       vs. )

     )

EVERDRY MARKETING & MANAGEMENT )
INC., et al. )

     )

               Defendants. )

## MOTION BY DEFENDANT, EVERDRY MARKETING & MANAGEMENT, INC. FOR SUMMARY JUDGMENT

Now comes Defendant, EverDry Marketing & Management, Inc. (hereinafter at times

referred to as "EMM") by and through counsel and moves this Honorable Court pursuant to Rule

56 of the Ohio Rules of Civil Procedure for Summary Judgment, by reason that there are no

issues of material fact in dispute, and as a matter of law, EMM is entitled to judgment in its favor.

EMM's Brief in support is attached hereto and made apart hereof.

Respectfully submitted,

_Kenneth B. Baker_

KENNETH B. BAKER (0015151)
JAVITCH, BLOCK & RATHBONE
Penton Media Building, 14th Floor
1300 East 9th Street
Cleveland, Ohio 44114-1503
Telephone: (216) 623-0000 Ext 3014
Attorney for Defendant, EverDry Marketing &
Management, Inc.

FILED 04 FEB 20 PM 2:03 U.S. DISTRICT COURT W.D.N.Y. ROCHESTER

# CERTIFICATE OF SERVICE

The undersigned does here by certify that on the _17_ day of February, 2004, I caused to be mailed by first-class mail, postage prepaid, a copy of the foregoing Motion, on all the parties at the addresses set forth below:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Robert D. Rose, Esq.
201 Varick Street, Room 1009
New York, New York 10014

Attorney for Plaintiff


SHAPIRO, ROSENBAUM, LIEBSCHUTZ & NELSON, LLP
Peter C. Nelson, Esq.
1100 Crossroads Building
Two State Street
Rochester, New York 14614

Attorney for Defendant
EverDry Management Services, Inc.


Dated: February _17_, 2004

KENNETH B. BAKER (0015151)

# TABLE OF CONTENTS

I.   STATEMENT OF THE CASE ...................................................................................... 1

II.  STATEMENT OF FACTS ........................................................................................... 2

III. STANDARD OF REVIEW .......................................................................................... 6

IV.  LAW AND ARGUMENT ............................................................................................ 8

   1.  Interrelation of Operations ................................................................................. 12

      A.  Whether the Parent Was Involved Directly in the Subsidiary's Daily Decisions Relating To Production, Distribution, Marketing And Advertising ........................................................ 13

      B.  Whether The Two Entities Share Employees, Services, Records and Equipment ............................. 16

      C.  Whether The Entities Commingled Bank Accounts, Account Receivables, Inventories, and Credit Lines ........................................................................................... 17

      D.  Whether The Parent Maintained the Subsidiary's Books ................................................. 17

      E.  Whether The Parent Issued The Subsidiary's Paychecks ................................................. 17

      F.  Whether The Parent Prepared And Filed The Subsidiary's Tax Returns ................................... 17

   2.  Centralized Control of Labor Relations .............................................................. 18

   3.  Common Management .......................................................................................... 21

   4.  Common Ownership ............................................................................................ 22

V.   CONCLUSION ...................................................................................................... 23

Exhibits

Affidavits
   A.  Affidavit of Nicholas DiCello
   B.  Affidavit of Judy Garvin
   C.  Facts As To Which There Is No Genuine Issue

Deposition Excerpts

Unreported Cases

# TABLE OF AUTHORITIES

**Cases**

*Adickes v. S.H. Dress & Co.*, 398 U.S. 144 (1970) ........................................................... 8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................... 6,7

*Armbruster v. Quinn*, 711 F.2d 1332, 1338 (6th Cir.1983) ............................................. 9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ............................................ 6,7,12

*Cook v. Association Shelburne, Inc.*, 69 F.3d 1235, 1241, 1240 (2d Cir. 1995) .................... 8,9,12,18,19

*Da Silva v. Kinsho Intern. Corp.*, 210 F.Supp.2d 241, 244 (S.D.N.Y. 2000) *aff'd.*, 229 F.3d 358 (2d Cir. 2000) ...... 22

*Dewey v. PTT Telecom Netherlands, U.S., Inc.*, 101 F.3d 1392, 1996 Westlaw 364531, *2 (2d Cir. 1996) .............. 18

*Duffy v. Drake Beam Morin*, 1998 Westlaw 252063 (S.D.N.Y. 1998) .......................................... 21

*Frank v. U.S. West Inc.*, 3 F. 3d 1357 (10th Cir. 1993) ............................................ 16

*Garcia v. Elf Atochem North America,* 28 F.3d 446, 450 (5th Cir.1994)) ................................ 9

*Herman v. Blockbuster Entertainment Group,* 18 F. Supp.2d 304, 308 (S.D.N.Y. 1998) ...................... 8,11

*Johnson v. Flowers Industries, Inc.*, 814 F.2d 978 (4th Cir. 1987) ..................................... 18

*Kellett v. Glaxo Enterprises, Inc.*, 1994 Westlaw 669975 ............................................. 22

*Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir.1997) ................................... 12,18

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ..................... 6,8,12

*Murray v. Miner*, 74 F.3d 402 (2d Cir. 1996) ..................................................... 16

*O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir.1997) ............................................. 11

*Parker v. Columbia Pictures Industries*, 204 F.3d 326, 341 (2d Cir.2000) ............................ 9

*Pietras v. Bd. of Fire Comm'rs of the Farmingville Fire Dist.*, 180 F.3d 468, 473 (2d Cir.1999) .............. 11

*York v. Ass'n of the Bar*, 286 F.3d 122 (2d Cir.2002) ............................................. 10

**Statutes**

42 U.S.C. §2000 ............................................................................. 2,3,10

Fed. R. Civ. P. 56(b), (c) ...................................................................... 7

Ohio Revised Code §1701.01 .................................................................. 10

Ohio Revised Code §1701.591 .................................................................. 3

BRIEF IN SUPPORT

## I.   STATEMENT OF THE CASE

On or about June 27, 2001, the Plaintiff herein, the Equal Employment Opportunity Commission (EEOC) filed a Complaint against EverDry Waterproofing, Inc. a/k/a EverDry of Rochester and EverDry Marketing & Management, Inc.  The action was brought pursuant to Title VII of the Civil Rights Act of 1994 and Title I of the Civil Rights Act of 1991.  The suit sought to address alleged unlawful employment practices based upon sex.  The EEOC sought relief for Stephanie DiStasio and other similarly situated employees.

Subsequently, on or about December 27, 2001, the EEOC filed an Amended Complaint changing the name of one of the Defendant Parties from EverDry Waterproofing, Inc. to EverDry Management Services, a/k/a EverDry Waterproofing and EverDry of Rochester.  In addition to changing the names of one of the Parties, the EEOC also modified its initial charge. In Paragraph 6 of the initial Complaint, the EEOC stated as follows:

> 6.  Defendant, EverDry Waterproofing, a/k/a EverDry of Rochester, is a division of Defendant EverDry Marketing & Management, Inc.  Defendants have interrelated operations and the right to relief asserted herein arises out of the common series of transactions and occurrences and concerns questions of law and fact common to both parties.

In reviewing the Amended Complaint, the allegation that EMM and EverDry Marketing Services, a/k/a EverDry of Rochester are interrelated and/or that EverDry Marketing Services (hereinafter referred to as "EMS"), is a division of EMM is now absent.  What the EEOC now claims in its Amended Complaint is:

1

6.     At all relevant times Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Section 701(b)(g) and (h) of Title VII.42 U.S.C. §2000 (b)(g) and (h) and that "since at least June 1998 ... Defendants have subjected a class of female employees to a pattern and practice of frequent and pervasive sexual harassment..." (See Amended Complaint, ¶8A).

As will be clearly established, EMM was not engaged in business in Rochester, New York, nor did EMM employ any persons in Rochester, New York. Furthermore, the facts will establish that EMM and EMS are separate and distinct legal entities. As such, not only did EMM not engage in any unlawful activities, but as a matter of law, is not an employer as defined under Title VII of the Civil Rights Act. And because as a matter of law EMM is not an Employer, summary judgment is imminently appropriate herein.

## II.   <u>STATEMENT OF FACTS</u>

EMM formerly known as Ohio State Waterproofing, Inc is an Ohio Corporation. The company was incorporated in 1985. The business of EMM is to sell franchises and as a franchisor to help set-up franchises and train franchisees in the operation of their franchise. Attached hereto as Exhibit 1 is a copy of EMM's Article of Incorporation.

The franchises are sold under the Mark Ever-Dry. On or about October 7, 1986 the Mark Ever-Dry was registered in the United States Patent & Trademark Office as Registration No. 1,412,615. (See Exhibit 2). A subsequent Mark "EverDry" was registered on November 9, 1993. (Exhibit 3).

EverDry Management Services, Inc. (EMS) formerly known as Ohio State Management Services, Inc. is an Ohio Corporation that was incorporated on December 1, 1994. A copy of

EMS' Articles of Incorporation is attached hereto as Exhibit 4.  The purpose of EMS is to operate franchises that ceased doing business until a new franchisee can be located.

EMM and EMS are separate and distinct corporations.  EMM is an Ohio Close Corporation pursuant to Ohio Revised Code §1701.591.  EMS is not a Closed Corporation.  Each corporation has separate tax ID numbers, as well as State Charter Numbers.  The tax ID number of EMM is 34-1496162  172512 (See Exhibit 5) and its Corporate Charter No. is 663211.  See Exhibit 1.  The Federal Tax ID No. of EMS Inc. is 34-1790079 171212.  See Exhibit 6.  Its Corporate Charter No. is 886928.  See Exhibit 4.

In the early 1990s EMS took over a closed franchise in Rochester, New York and opened a new business.  In order to effectively operate the business, EMS hired employees, managers, rented office and warehouse space, opened a bank account and installed a telephone line.

EMM did not operate a business in Rochester.  EMM rented no office space or warehouse space in Rochester (nor co-signed on any lease).  EMM had no employees in Rochester.  EMM had no bank accounts in Rochester nor did any advertising in Rochester.  Simply put, EMS conducted business in Rochester, New York; EMM did not.

In reviewing the EEOC's Amended Complaint, the EEOC makes the following allegation:

> Since at least June 1998, Defendants have engaged in unlawful employment practices in violation of Sections 703 and 707 of Title VII, 42 U.S.C. §§ 2000e-2 and e-6.  These practices have included, but are not limited to, the following:
>
> A.    Defendants have subjected a class of female employees to a pattern and practice of frequent and pervasive sexual harassment which has included, but is not limited to, making unwelcome comments of a sexual nature to and about female employees, grabbing and touching female employees without their consent, and engaging in verbally and physically intimidating conduct directed at female employees, all because of their sex.  Specifically, this has included, but is not limited to:  a male manager grabbing the

buttocks of female employees; a male manager jumping on a female employee and simulating having sex with her; and a male manager telling a female employee to got into the backroom for a quickie, and that he wanted to "bang the shit out of" her.

B.   Although female employees complained about the sexual harassment, defendants have failed to remedy the hostile work environment or prevent further harassment.

C.   Defendants have constructively discharged female employees by maintaining a hostile work environment and failing to eliminate the harassment.

As will establish, Plaintiff's attempt to categorize EMM and EMS as a single employer is misplaced, not supported by the facts and is contrary to law.  EMM is not an employer and because it is not an employer, did not engage in those acts set forth above.

The primary complainant in the EEOC charge is a female named Stephanie DiStasio.  According to Ms. DiStasio, an individual named Jay Lang who was a night manager of EMS/Rochester in its telemarketing room engaged in numerous unwelcomed activities, which the EEOC contends constitute sexual harassment.  Since the inception of the lawsuit, and after the EEOC sent out letters to past employees of EMS, soliciting their participation in the present suit, there are approximately 13 women who the EEOC together with itself represent.  These women are:

1)   Lorraine Backus
2)   Milikah Bruner
3)   Catherine Clauss
4)   Lili Cocilova
5)   Stephanie DiStasio
6)   Danielle Doty
7)   Ashley Houghton
8)   Nancy Hoffmeier
9)   Joelle Lolacono
10)  Kyley O'Brien

11)     Anna Pompakidis[1]
12)     Meghan Powell
13)     Jennifer Zazzaro

These alleged complaintants were employed by EMS, not employees of EMM.

Attached hereto as Exhibit 7 are the W-2s of the persons referenced above. As clearly set forth the employer is EverDry Management Services/Rochester not EMM.

As previously set forth, the principal harasser is alleged to be an individual named Jay Lang. To a lesser extent, David Bowers, the Manager of EMS/Rochester Gene Ake and a David Molinaro are alleged to have also engaged in acts labeled by the EEOC as acts of harassment. Lang, Bowers, Ake and Molinaro, like the aforesaid females are employed by EMS. See W-2 of Lang, Bowers, Ake and Molinaro attached hereto as Exhibit 8. What is beyond dispute is that none of these individuals were employed by EMM, nor paid by EMM. Attached hereto and marked as Exhibit 9 is the bank account of Ohio State Management Services k/n/a EMS. From this, Citibank checking account, the paychecks of various employees of EMS were drawn. Attached hereto and marked as Exhibit 10 are paychecks made payable to:

1)     Stephanie M. DiStasio
2)     Jeremy Lang
3)     David Bowers
4)     Kyley B. O'Brien
5)     Anna M. Pompankidis
6)     Nancy B. Hoffmeier
7)     Jennifer M. Zazzaro
8)     Catherine Clauss

---

[1] Anna Pompakidis has advised the EEOC she does not want to partake in the present action.

None of the Complainants, nor Lang, Bowers, Ake or Molinaro was paid by EMM. EMM's bank account is with Fifth Third Bank located at 1404 East Ninth Street, Cleveland, OH 44114. See Exhibit 11. The bank accounts of EMS and EMM were and are separate and distinct. Furthermore, none of the funds of these two (2) separate entities were ever co-mingled, nor were funds from these two entities transferred back and forth.

What has been discerned from discovery is that Ms. DiStasio after she decided to quit for the second time wrote a letter to Jack Jones on or about July 8, 1999 complaining of acts of alleged harassment. See Exhibit 12. Upon receipt of this letter, it was requested that David Bowers the Manager of the EMS/Rochester immediately investigate these accusations. Mr. Bowers did investigate and after the investigation, made a decision to terminate Mr. Lang.

The issue presented before this Honorable Court is whether EMM, which did not own EMS/Rochester, did not employ either the complainants nor alleged harassers, nor was involved in any of the activities giving rise to any alleged acts of harassment can under the law be considered an employer. It is EMM's position that as a matter of law it is not an employer. As such, summary judgment is appropriate.

## III. STANDARD OF REVIEW

Summary judgment is encouraged as a means of disposing of factually unsupported claims or defenses in order to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Pursuant to Federal Rule of Civil Procedure 56, a Plaintiff move for summary judgment, and the Court May properly grant summary judgment, when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(b), (c). The burden to demonstrate that there is no genuine issue of material fact in dispute is on the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256. A party seeking summary judgment bears the initial burden of demonstrating to the court that an essential element of the non-moving party's case is lacking. *Celotex Corp. v. Catrett*, 477 U.S. at 323. If a party is unable to make a sufficient showing as to some essential element of its case, upon which it bears the ultimate burden of proof at trial, all other facts are necessarily immaterial. *Id.* at 322-3. The non-moving party must, if he does respond, come forward with sufficient evidence to allow a reasonable trier of fact to find in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 251. Once a motion for summary judgment is made demonstrating that the moving party is entitled to judgment as a matter of law, the non-moving party must affirmatively show through denominated evidence that there is a genuine issue for trial. *Id.* at 248. The burden then shifts to the non-moving party to come forward with sufficient evidence to demonstrate that there is a factual controversy as to that issue, or to explain why such evidence is not currently available. *Id.*; Fed. R. Civ. P. 56(e). If the non-moving party fails to respond, summary judgment, if appropriate, should be entered against him. Fed. R. Civ. P. 56(e). There is no genuine issue for a trial if the record, taken as a whole, could not lead a rational trier of fact to find for the non-

moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587. In the context of a motion for summary judgment, the court is required to view the facts in a light most favorable to the nonmoving party, who must be given the benefit of all reasonable inferences that may be made from the facts disclosed in the record. *Adickes v. S.H. Dress & Co.*, 398 U.S. 144 (1970).

## IV. <u>LAW AND ARGUMENT</u>

The EEOC has sued both EMS & EMM, lumping them together as Defendants, alleging that together they engaged in discriminatory conduct. However, as the facts clearly establish, EMS & EMM are separate and distinct corporations. In fact, EMS is not even a subsidiary of EMM. As such, for EMM to be liable for the acts of EMS would be even <u>beyond the extraordinary circumstances</u>, the Court in *Herman v. Blockbuster Entertainment Group*, 18 F. Supp.2d 304, 308 (S.D.N.Y. 1998)[2] required to hold a parent liable for the acts of its subsidiary for alleged violations of Title VII.

Cases that allow a Court to consider the acts of two (2) separate but related corporations to be that of a single employer revolve around a parent/subsidiary relationship. Despite the fact that EMM and EMS do not even share this common thread, a review of those cases attempting to impose liability prove insightful.

As set forth in *Cook v. Association Shelburne, Inc.*, 69 F.3d 1235, 1241, 1240 (2d Cir. 1995), "the appropriate test under Title VII for determining when parent companies may be considered employers of a subsidiary's employees is the four-part test adopted by the Fifth, Sixth, and Eighth

---

[2] "'A corporate entity is liable for the acts of a separate related entity only under extraordinary circumstances.'"(quoting *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir.1996)).

circuits[:] . . . '[A] parent and subsidiary cannot be found to represent a single, integrated enterprise in the absence of evidence of (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.'" (quoting *Garcia v. Elf Atochem North America*, 28 F.3d 446, 450 (5th Cir.1994)). "We focus our inquiry, as those circuits do, on the second factor, centralized control of labor relations." *Cook v. Association Shelburne, Inc.*, 69 F.3d 1235, 1241.

"The employee satisfies this rule if he shows participation by the defendant that is 'sufficient and necessary to the total employment process [of the employer], even absent total control or ultimate authority over hiring decisions.'" *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 341 (2d Cir.2000) (quoting *Cook*, 69 F.3d at 1241 (quoting *Armbruster v. Quinn*, 711 F.2d 1332, 1338 (6th Cir.1983))). "A crucial element of the inquiry focuses on whether the two enterprises exhibit 'centralized control of labor relations,' including tasks such as handling job applications, approving personnel status reports, and exercising veto power over major employment decisions." *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 341.

Therefore, it would be appropriate to determine at an initial starting point whether EMM and EMS enjoy a parent/subsidiary relationship. A subsidiary corporation as defined by Black's Law Dictionary is "one in which another corporation owns at least a majority of the shares and thus has control". Under Ohio law, a parent/subsidiary is defined as:[3]

> "Parent Corporation" or "parent" "means" a domestic or foreign corporation that owns and holds record shares of another corporation, domestic or foreign entitling the holder of the shares at the time to exercise a majority of the voting power in the election of the

---

[3] Since both Defendants are Ohio Corporations, Ohio law must be utilized to establish a parent/subsidiary relationship.

directors of the other corporation... "subsidiary corporation" or "subsidiary" means a domestic or foreign corporation of which another corporation, domestic or foreign, is the parent..." Ohio Revised Code §1701.01.

In the matter *sub judice,* a parent/subsidiary relationship, simply doesn't exist. As shown by the documentation, EMM is an Ohio Corporation incorporated in Ohio on September 18, 1985. See Exhibit 1. EMS is an Ohio Corporation incorporated in Ohio on December 1, 1994. See Exhibit 4. Each corporation has a separate Tax ID Number and file separate Tax Returns, not a consolidated return. See Exhibits 13 and 14. EMM nor EMS own shares in the other corporation. What the corporations have in common is that Nicholas DiCello is the sole owner of each. See Exhibits 13 and 14. This, however, does not constitute a parent/subsidiary relationship.

Aside from the fact that EMM & EMS cannot be considered as parent/subsidiary, EMM, cannot be considered an employer in regards to those employees of EMS. Title VII defines employee as "an individual employed by an employer...." 42 U.S.C. § 2000e(f). An "employer" is defined (in relevant part) as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. §2000e(b). A recent Second Circuit case considered the "elliptical" meaning of the definition of a Title VII "employer"- *York v. Ass'n of the Bar*, 286 F.3d 122 (2d Cir.2002). In *York,* the Second Circuit held that a direct and substantial remunerative relationship must exist between two parties for the hiring party to be considered the "employer" of an employee under Title VII. *York v. Ass'n of the Bar*, 286 F.3d 122, 126. See also Id., 286 F.3d at 125 ("'a prerequisite to considering whether an

individual is [an employee] is that the individual have been hired in the first instance.'") (quoting *O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir.1997), *cert. denied* 522 U.S. 1114, 118 S.Ct. 1048, 140 L.Ed.2d 112 (1998)). The *York* court observed that "the question of whether someone is or is not an employee under Title VII usually turns on whether he or she has received direct or indirect remuneration from the alleged employer." *Id.* at 125-26 (quoting *Pietras v. Bd. of Fire Comm'rs of the Farmingville Fire Dist.*, 180 F.3d 468, 473 (2d Cir.1999)). Thus, the Second Circuit reaffirmed the rule of earlier cases that "where no financial benefit is obtained by the purported employee from the employer, no 'plausible' employment relationship of any sort can be said to exist." *Id.* (quoting *O'Connor*, 126 F.3d at 115-16).

In the instant matter, those individuals who the EEOC claims to represent were employed by EMS not EMM. Furthermore, EMM did not provide any benefits to those Claimants, whether it be salary, hospitalization or a retirement plan. In the same vein, EMM did not employ those persons whom the EEOC has accused of engaging in any type of harassing tactics. Nor did EMM provide any type of benefits to those individuals. Finally, EMM had no control whatsoever of those individuals employed by EMS.

In the case of *Herman v. Blockbuster Entertainment Group*, *supra*, a number of former employees brought an employment discrimination action against the Discovery Zone and its parent corporation. Like in the present matter, it was undisputed that the alleged victims were employed by the Discovery Zone and not Blockbuster. As such, the Court held that for the Plaintiffs' claims to survive they would have to establish that Blockbuster and the Discovery Zone constitute a "single employer". *Herman*, 18 F.Supp.2d 304, 309.

In the instant matter, the records of EMS unequivocally establish that all the complainants and alleged harassers were employees of EMS. See Exhibits 7 and 8. Therefore, like in the Blockbuster case, in order for the EEOC's claims to survive against EMM, the EEOC must establish that EMS and EMM constitute a single employer. In attempting to establish this, the EEOC must produce concrete evidence, rather than some metaphysical doubt as to material facts, going to the "critical question to be answered . . . - "What entity made the final decision regarding employment matters related to the person claiming discrimination." *Herman* , 18 F.Supp. 2d at 309. See, *Celotex Corp. v. Catrett*, *Matsushita Electric v Zenith Radio Corp.*, *Dister v Centinental Group, Inc.*, cited supra.

In reviewing all four-prongs of the *Cook* test, set forth above, it will become clear that EMM and EMS are not interrelated corporations, nor do they constitute a single employer.

1.     Interrelation of Operations

To help the Court in determining to what extent two entities constitute a single employer, a six-prong test was utilized by the Fifth and Second Circuit to look at the sufficiency of the interrelation of operations.

A)     Whether the Parent was involved directly in the subsidiary's daily decisions relating to production, distribution, marketing and advertising;

B)     Whether the two entities shared employees, services, records and equipment;

C)     Whether the entities commingled bank accounts, account receivables, inventories and credit lines.

D)     Whether the Parent maintained the subsidiary's books.

E)     Whether the Parent issued the subsidiary's paychecks.

F)     Whether the Parent prepared and filed the subsidiary's tax returns.

*Herman*, 18 F.Supp.2d 304, 309 (citing *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th

Cir.1997)); *Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1241 (2d Cir.1995). Again, a review of these factors will reveal an embarrassing lack of commonality on which to establish a single employer.

     A.     <u>Whether the Parent Was Involved Directly in the Subsidiary's Daily Decisions Relating To Production, Distribution, Marketing And Advertising</u>.

Aside from the fact that there is no parent subsidiary relationship, EMM and EMS are engaged in different businesses. EMM sells franchises and helps a franchisee through training to operate an EverDry franchise. EMS operates a waterproofing business by actually engaging in the business of installing waterproofing. EMS hires telemarketers, sales people and production crews positions all instrumental in the sale and installation of a waterproofing system. EMM has no such positions because it does not sell nor install waterproofing. As such, the daily operation of each entity is entirely different. Furthermore, EMM is not involved directly in daily decision making, distribution, marketing or advertising of EMS.

During the period in question, 1998 through 2000, David Bowers was the Manager of EMS/Rochester. On June 25, 2003, his deposition was taken by the EEOC and by Defendant. Set forth below is but a few examples from Mr. Bowers deposition that reflects the disassociation between these two (2) separate entities.

> At Page 6
> Q.     Have you ever had any relationship to EMM?
> A.     I don't believe so.
> See Exhibit "A".[4]

In attempting to establish EMM's involvement with EMS, the EEOC asked the following question:

---

[4] Deposition excerpts are attached as lettered exhibits.

Q.    What did you understand the relationship to be with EMM at the time you were working at EverDry of Rochester?

A.    I don't.  EMM didn't have a relationship with EMS, we did.
      See Exhibit "B".

Additional questioning by the EEOC established the lack of any interrelationship between the two (2) entities.

At Page 122
Q.    Did anyone in Ohio ever consult with you or any one in Ohio who did installation?
A.    No.
See Exhibit "C".
At Page 123
Q.    Did you ever get any input from anyone in Ohio about how to handle inventory?
A.    No.
Q.    Did you get any input from anyone in Ohio about any particular telemarketing methods you should be using or could use?
A.    No.
See Exhibit "D".

After questioning by the EEOC, Attorney Baker on behalf of EMM asked the following questions:

At Page 135
Q.    So, you had total responsibility for hiring, is that correct?
A.    Yes.
Q.    At the time you hired people; did you ever have to get the okay from anybody at EverDry Marketing & Management, Inc.?
A.    No.
See Exhibit "E".
At Page 136
Q.    Now in terms of firing, part of your responsibilities was the termination of employees, correct?
A.    Yes.
Q.    The decision to fire was yours alone, is that correct?
A.    Yes.
See Exhibit "F".

Q. Now who had the ability to give raises?

A. Myself.

Q. Did you ever have to contact anybody from EverDry Marketing and Management, Inc. to give raises?

A. No.

Q. Whose responsibility was it to promote?

A. Myself.

See Exhibit "G".

Q. You weren't required to contact anybody from EverDry Marketing & Management, Inc. were you?

A. No.

Q. Who ran the daily operations of the business?

A. Myself.

Q. Were you required before you let's say, when you got into the office very morning to contact or discuss the operation of the business with anybody from EverDry Marketing & Management?

A. No.

Q. At the end of the day were you required to give a report to anybody from EverDry Marketing & Management, Inc. on how the day's activities went?

A. No.

See Exhibit "H".

Q. Was he (Brian) required to contact EverDry Marketing & Management, Inc. on a daily basis pertaining to production?

A. No.

Q. Was he (Brian) required to contact EverDry Marketing & Management, Inc. to hire or fire anybody in the production ever?

A. No.

See Exhibit "I".

Q. Before a commission was paid, did you have to contact anybody from EMM to pay a commission?

A. No.

See Exhibit "J".

Q. Give one example of supplies you ordered.

A. General construction supplies. We'd get them at I believe Wigman's Hardware Store.

Q. Who paid for those supplies?

A. EverDry of Rochester.

Q.      Was he required to get permission from EverDry Marketing & Management before
        he could get those supplies?
A.      No.
        Exhibit "K".


From the deposition of David Bowers and the Affidavit of Nick DiCello, it is beyond question that

EMM did not have daily, weekly or monthly input into the business decisions of EMS/Rochester.

> B.      Whether The Two Entities Share Employees, Services, Records
>         and Equipment

With the exception of Nick DiCello, EMM & EMS did not share employees. As can be

seen from the W-2s attached hereto as Exhibit 7, the employees of EMS/Rochester were not

employed by EMM. Nor were employees of EMM employed by EMS. Because the employees of

EMS were not the employees of EMM, EMM cannot be liable for their actions. See *Murray v.*

*Miner*, 74 F.3d 402 (2d Cir. 1996); *Frank v. U.S. West Inc.*, 3 F. 3d 1357 (10th Cir. 1993).

Furthermore, the employment duties of each company were distinct. EMS installed

waterproofing and hired sales people, telemarketers, sales persons and production crews. EMM's

employees sold franchises and trained franchisees. EMM did not hire telemarketers or sales

people to sell waterproofing nor production crews to install it.

Furthermore, EMS/Rochester and EMM shared no common services. EMM did not have

a location in Rochester. EMM did not have an office or mailing address in Rochester. EMM did

not have a bank account in Rochester.

Nor did EMM, EMS/Rochester share records and equipment. The contracts to install

waterproofing and all service records and production records were those of EMS not EMM and

were kept in Rochester. The equipment of EMS/Rochester belonged to EMS and was kept in Rochester. The only commonality at all is that Nick DiCello was President of both EMM and EMS and that the corporate office of EMS was at the same address as EMM in Macedonia, Ohio.[5]

C.    Whether The Entities Commingled Bank Accounts, Account Receivables, Inventories, and Credit Lines

As clearly established by Exhibits 9 and 11, EMM and EMS had separate bank accounts. The EMM bank account was with Fifth Third Bank in Cleveland, Ohio. EMS' checking account was at Citibank in Rochester, New York. None of the funds were commingled. Furthermore, there was no commingling of accounts receivable. (EMS had no accounts receivable. See Page 164 of the deposition of David Bowers) (See Exhibit "K") nor credit lines. And while EMS had inventories in order to install waterproofing. EMM did not maintain inventories.

D.    Whether The Parent Maintained the Subsidiaries Books

The books and records of EMS were kept in the Rochester location and handled by the Rochester personnel. EMM did not keep nor maintain the books of EMS. See Affidavit of Nicholas DiCello.

E.    Whether The Parent Issued The Subsidiary's Paychecks

EMM did not issue the paychecks of EMS. The paychecks of EMS clearly designated the Payor as "EverDry Management Services, Inc. d/b/a EverDry Waterproofing." See Exhibit "10"; and Affidavit of Nicholas DiCello.

F.    Whether The Parent Prepared And Filed The Subsidiary's Tax Returns

Again, the Answer is no. EMM and EMS filed separate returns. See Exhibits "13 and 14".

---

[5] For a short period of time Jack Jones who was an employee of EMM, became President of EMS when DiCello took ill.

In the instant matter, aside from the fact that there is not even a parent/subsidiary relationship, the lack of interrelationship of operations is exceedingly clear. The fact that Nicholas DiCello owns and is President of both corporations and that Jack Jones for a short period of time was involved with EMS is only a minute factor in the equation. What is exceedingly clear from the Affidavit of Nicholas DiCello and the deposition of David Bowers, is that EMM had no authority or control to hire, fire, promote or supervise the employees of EMS. See *Lusk v. Foxmeyer Health Group*, 129 F.3d 773, 778 (5th Cir. 1997)("the mere existence of common management and ownership are not sufficient to justify treating a parent corporation and its subsidiary as a single employer."). See also *Johnson v. Flowers Industries, Inc.*, 814 F.2d 978 (4th Cir. 1987)(In the employment context, "parent company can be employer of subsidiary's workers if it exercises excessive control" regarding "employment practices and decisions of the subsidiary" or if the parent "dominate[s] the subsidiary's operations . . . [such] that the parent and the subsidiary are one entity and thus one employer."); *Dewey v. PTT Telecom Netherlands, U.S., Inc.*, 101 F.3d 1392, 1996 Westlaw 364531, *2 (2d Cir. 1996).

2.   Centralized Control of Labor Relations

The second prong of the test that the EEOC must prove to establish EMM and EMS as a single employer is centralized control over labor relations. In reviewing the deposition of David Bowers and those excerpts previously set forth, it is clear that EMM had basically nothing to do with the labor relation of EMS. In the case of *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 241 (2d Cir. 1995), in denying Defendant's Motion for Summary Judgment on the issue of

whether to treat a Parent/Subsidiary as a single employer, the Court held the following facts as illustrative of control of labor relations:

> ASI is a wholly owned subsidiary of KDT. In addition, there is substantial evidence of an interrelation of operations between KDT and ASI. KDT ran ASI in a direct, hands-on fashion, establishing the operating practices and management practices of ASI. Moreover, KDT clearly maintained control of labor relations at ASI. For example, applications for employment with ASI went through KDT; all personnel status reports were approved by KDT; and ASI cleared all major employment decisions with KDT. Indeed, Mary Cook was herself hired as an ASI purchaser by Scott Zinnecker, the vice president of Human Resources at KDT, and was fired at the direction of Lind, who was paid directly by KDT.

*Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241 (2d Cir. 1995).

In the present matter, the factors that the *Cook* Court found persuasive are totally absent. As testified in reviewing the excerpts from the deposition of David Bowers, as well as the entire Bowers deposition. EMM had very little if anything to do with the operations and/or management of EMS. EMS did its own hiring, firing, supervision and promotion. Nowhere in the record does there exist a scintilla of evidence that EMM controlled the labor relations of EMS.[6]

Specifically, Ms. DiStasio as well as the other alleged complainants were all hired by EMS. None were hired by EMM. All were paid by EMS, none were paid by EMM. The activities of each was controlled and supervised by EMS, not EMM. Pertaining to the alleged harassers, again all were hired by and paid by EMS, not by EMM. Promotions and supervision were done by EMS, not by EMM.

As David Bowers testified at p. 120, in response to a question by the EEOC:

---

[6] The relationship of EMM and EMS to a limited extent resembled that of a franchisor/franchise; in that like with a franchisee, EMM at times came to Rochester to observe its operation. See Affidavit of Nicolas DiCello.

Q. What about training from EMM that was done for yourself or other managers?

A. Virtually wasn't any. We were self-contained. We usually took care of our stuff in-house. See Exhibit "L".

At Page 165

Q. If there was a labor problem in Rochester who handled that labor problem?

A. Brian.

Q. What if there was a labor problem in your part of the operation, for instance, among the sales people... .?

A. The sales people I dealt with directly. If in telemarketing or lead flow, usually the telemarketing would there.

Q. To resolve a labor production, whether it was lead flow, production, sales people, were you required to go to EMM first to get any type of direction?

A. No.

Q. So you handled your own labor problems?

A. Yes.

See Exhibit "M".


Furthermore, EMS, not EMM, handled the investigation of the alleged harassment.


At Page 35 of Bowers Deposition

Q. How many times do you recall talking to Nick about Stephanie DiStasio?

A. Maybe twice.

Q. If you're able to break it down for me, let's just talk about the first time you spoke to him about Stephanie. How did that occur?

A. Came to my attention that there was an issue. I talked to him. He suggested we do an investigation. I did an investigation and unfortunately, we found this young man had said some wrong things. And as we did our investigation, that we let this young man go.

Q. When you say we did an investigation, was there anyone else doing that aside from yourself?

A. No – Just myself ... .

See Exhibit "N".


At Page 165

Q. So, the company that made the final decision pertaining to the DiStasio matter in firing Jay Lang was EverDry of Rochester.

A. Yes.

See Exhibit "M".

As testified to by David Bowers, the general manager of EMS/Rochester, he conducted the investigation and it was his decision to fire Jay Lang. There is not a shred of evidence to suggest that approval of EMM was sought or obtained or required with aspect to the handling of the alleged discriminatory practices. It is clear that EMS/Rochester made the final decisions regarding the issues herein. And, as set forth in Cook cited supra, this is of paramount importance in deciding whether two separate entities can be considered as a single employer. The absence of EMM making the decision regarding the person claiming discrimination, precludes this Court from finding EMM & EMS constitute a single employer. See *Duffy v. Drake Beam Morin*, 1998 Westlaw 252063 (S.D.N.Y. 1998). (Case attached).

3.  Common Management

The fact that Nicholas DiCello is President of EMM and EMS and Judy Garvin served as secretary of both corporations does not establish that EMM exercised control over the operations and employment practice of EMS. See, *Blockbuster, supra* at 312.

As previously set forth EMM is a closely held corporation, EMS is not. As such, their management structures are different. No person at EMM, with the exception of DiCello, who was President of EMS, had daily contact with EMS. EMS had its own separate management team. David Bowers was the General Manager of EverDry/Rochester. Brian was the Manager of Production of Rochester. EMS had managers for its telemarketing department. On the other hand, EMM did not have a General Manager, did not have a Production Manager, and did not have a telemarketing department. The lack of supervision by EMM is summarized by Bowers.

At Page 143 of Bowers Deposition

Q.     Give me an example of business decisions and/or would make on a daily basis.
A.     I would meet individually with each of the six or eight departments, find out where they are as far as their targets or goals, are they on line, are they not, what is our game plan is to change that, what modifications are we making, will that work, will it not work.  Operational.
Q.     Were you required to go over that game plan with EverDry Marketing & Management, Inc.?
A.     No.
See Exhibit "O".

Also, see Bowers at Page 138 and 139 wherein Bowers describes the lack of any supervision by EMM and reconfirming EMS/Rochester as "self contained".  See Exhibit "H".

4.     Common Ownership

In Blockbuster, see cited supra, the Court found that the fact that Blockbuster was a majority shareholder in Discovery Zone was not in the absence of participation in employment and labor decisions, not determinative that the two entities constitute a single employer.  The record is replete with facts that all hiring and firing decisions were made by the general manager of EMS/Rochester.  There're is not a single fact to support that EMM played any role in controlling EMS' employment decision.  As such, the fact that both companies were owned by Nicholas DiCello is meaningless in the absence of centralized control; common ownership is not synonymous with centralized control.  *Kellett v. Glaxo Enterprises, Inc.*, 1994 Westlaw 669975 (S.D.N.Y. 1994) and the lack of centralized control by EMM of EMS precludes the finding that EMS & EMM can be considered as a single employer.  See also *DaSilva v. Kinsho Intern. Corp.*, 210 F.Supp.2d 241, 244 (S.D.N.Y. 2000) *aff'd.*, 229 F.3d 358 (2d Cir. 2000).

## V.    CONCLUSION

Based upon the foregoing there can be no dispute that EMM is not in a parent subsidiary relationship with EMS. There can be no dispute that EMM is not an employer of those persons employed by EMS, was involved in daily decision making of EMS, or involved in its labor relations. EMM and EMS as a matter of law cannot be considered as a single employer. As a matter of law, EMM is entitled to Summary Judgment.

WHEREFORE, it is respectfully requested that this Court grant EMM's Motion for Summary Judgment.

Respectfully submitted,


KENNETH B. BAKER (0015151)
JAVITCH, BLOCK & RATHBONE
Penton Media Building, 14th Floor
1300 East 9th Street
Cleveland, Ohio 44114-1503
Telephone: (216) 623-0000 Ext 3014
Attorney for Defendant, EverDry Marketing &
Management, Inc.



F075*-1477

Department of State

# The State of Ohio

### Sherrod Brown
Secretary of State

663211

## ❧ Certificate ❧

It is hereby certified that the Secretary of State of Ohio has custody of the Records of Incorporation and Miscellaneous Filings; that said

records show the filing and recording of: _____ A R F _____

_____ of:

OHIO STATE WATERPROOFING, INC.

**United States of America**
State of Ohio
Office of the Secretary of State

Recorded on Roll _____ F75 J ____ at Frame _____ 1478 ____ of
the Records of Incorporation and Miscellaneous Filings.

**Witness my hand and the seal of the Secretary of State, at the**
City of Columbus, Ohio, this ____ 2 TH ____ day of ___ SE> _____ ,
A.D. 19 _____.

*Sherrod Brown*

**Sherrod Brown**
Secretary of State



Certified Corporation & Offic Supply Co.
Columbus 16, Ohio
4103 A

F075 - 1478

CORPORATION FOR PROFIT
UNCLASSIFIED SHARES WITH OR WITHOUT PAR VALUE

APPROVED
FOR FILING
By
Date
Amount



# Articles of Incorporation

— OF —

### Ohio State Waterproofing, Inc.
Name of Corporation

The undersigned, a majority of whom are citizens of the United States, desiring to form a Corporation, for profit, under Sections 1701.01 et seq. of the Revised Code of Ohio, do hereby certify:

FIRST.  The name of said corporation shall be __Ohio State Waterproofing, Inc.__

SECOND.  The place in Ohio where its principal office is to be located is _____
__365 E. Highland Road, Macedonia, Ohio__ __Summit__ County.
(City, Village or Township)

THIRD.  The purpose or purposes for which it is formed are:

1.  The franchising of businesses that engage in residential and commercial waterproofing

2.  Residential and commercial waterproofing

3.  To engage in any and all other lawful acts or activities for which corporations may be formed under Section 1701.01 to 1701.98 inclusive of the Ohio Revised Code

FOURTH.  •  The number of shares which the corporation is authorized to have outstanding is __Five Hundred__ ( __500__ ), all of which shall be without par value.

•  ~~The maximum number of shares which the corporation is authorized to have outstanding xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx all of which shall be xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxDollars ($ xxxxxxx) each with par value xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~

FIFTH.  The amount of capital with which the corporation will begin business is _____
__Five Hundred__ Dollars ($__500.00__).

IN WITNESS WHEREOF, We have hereunto subscribed our names, this __12__ day of __September__ 19 74

OHIO STATE WATERPROOFING, INC.
NAME OF CORPORATION

__Richard R. Ackerman__

__Victor M. Javitch__

__Kenneth B. Baker__
* CORPORATE NAMES SHOULD BE TYPED
* PRINTED BENEATH SIGNATURES

* Eliminate paragraph not required.

F0750-1479

# Original Appointment of Agent

ALL STATE LEGAL SUPPLY CO
814 Prospect Ave. Cleveland, Ohio 44115

4103B

The undersigned, being at least a majority of the incorporators of...........Ohio State...........
*(Name of Corporation)*

Waterproofing, Inc.
.......................................................................................................

hereby appoint........Kenneth B. Baker.....................................................
*(Name of Agent)*

a natural person resident in the county in which the corporation has its principal office, ~~a corporation~~

~~having a business office in the county in which~~ ....Ohio State Waterproofing, Inc......
*(Name of Corporation)*

has its principal office (st~~rike out clause not applicable~~). upon whom any process, notice or demand
required or permitted by statute to be served upon the corporation may be served. His (Its) complete

address is....1127 Euclid Avenue, Cleveland, Ohio..................... . .................................
*(Street or Avenue)* *(City or Village)*

Cuyahoga........County. Ohio.

### OHIO STATE WATERPROOFING, INC.
*(Name of Corporation)*

Richard R. Zuckerman

Victor M. Javitch

Kenneth B. Baker

*(INCORPORATORS NAMES SHOULD BE TYPED OR PRINTED BENEATH SIGNATURES)*

Cleveland .......................... , Ohio

September 18 .................... , 19 85

Ohio State Waterproofing Inc.

Gentlemen: I, (I strike out word not applicable) hereby accept my amment as agent of
your corporation upon whom process, tax notice or demands may be served

By .............................................................. Secretary



# The State of Ohio

## Bob Taft

### Secretary of State

663211

## ❧ Certificate ❧

It is hereby certified that the Secretary of State of Ohio has custody of the Records of Incorporation and Miscellaneous

Filings; that said records show the filing and recording of:    AMD MIS CHN

of:

EVERDRY MARKETING & MANAGEMENT, INC. FORMERLY OHIO STATE WATERPROOFING, INC

United States of America
State of Ohio
Office of the Secretary of State

Recorded on Roll 5933 at Frame 1347        of
the Records of Incorporation and Miscellaneous Filings.

Witness my hand and the seal of the Secretary of State at

Columbus, Ohio, this  7TH **day of**  JULY

A.D. 19 97 .



*Bob Taft*
**Bob Taft**
Secretary of State



Prescribed by
BOB TAFT, Secretary of State
30 East Broad Street, 14th Floor
Columbus, Ohio 43266-0418
Form SH-AMD (January 1991)

05933-1347

Charter No. 606301l
Approved _EJS_
Date _7-7-97_
Fee $35.00

97060617401

# CERTIFICATE OF AMENDMENT
## by Shareholders to the Articles of Incorporation of

OHIO STATE WATERPROOFING, INC.

(Name of Corporation)

Nicholas DiCello _____, who is:

☐ Chairman of the Board    ☒ President    ☐ Vice President (check one)

and

Judy Garvin _____, who is: ☒ Secretary    ☐ Assistant Secretary (Check one)

of the above named Ohio corporation for profit do hereby certify that: (check the appropriate box and complete the appropriate statements)

☒   a meeting of the shareholders was duly called for the purpose of adopting this amendment and held on _May 20_____, 19_97_ at which meeting a quorum of the shareholders was present in person or by proxy, and by the affirmative vote of the holders of shares entitling them to exercise _100%_ % of the voting power of the corporation.

☐   in a writing signed by all of the shareholders who would be entitled to notice of a meeting held for that purpose, the following resolution to amend the articles was adopted:

TO CHANGE THE NAME OF THE CORPORATION FROM OHIO STATE WATERPROOFING, INC. to

EVERDRY MARKETING & MANAGEMENT, INC.

RECEIVED
JUL 07 1997
BOB TAFT
SECRETARY OF STATE

RECEIVED
JUN 03 1997
BOB TAFT
SECRETARY OF STATE

IN WITNESS WHEREOF, the above named officers, acting for and on the behalf of the corporation, have hereto subscribed their names this _20th_ day of _May_____, 19_97_____.

By _____ (Chairman, President, Vice President)
Nicholas DiCello

By _____ (Secretary, Assistant Secretary)
Judy Garvin

NOTE: Ohio law does not permit one officer to sign in two capacities. Two separate signatures are required, even if this necessitates the election of a second officer before the filing can be made.

Int. Cl.: 37

Prior U.S. Cl.: 103

Reg. No. 1,412,615

## United States Patent and Trademark Office

Registered Oct. 7, 1986

## SERVICE MARK
### PRINCIPAL REGISTER

## EVER-DRY

EVER-DRY WATERPROOFING, INC. (OHIO CORPORATION)
365 EAST HIGHLAND ROAD
MACEDONIA, OH 44056

FOR: BASEMENT WATERPROOFING SERVICES, IN CLASS 37 (U.S. CL. 103).

FIRST USE 9-1-1984; IN COMMERCE 9-9-1984.

SER. NO. 544,672, FILED 6-24-1985.

MARGERY A. TIERNEY, EXAMINING ATTORNEY



## SERVICE MARK
### PRINCIPAL REGISTER

## EVERDRY

OHIO STATE WATERPROOFING, INC. (OHIO CORPORATION)
365 EAST HIGHLAND ROAD
MACEDONIA, OH 44056

FOR: BASEMENT AND BELOW GRADE WATERPROOFING SERVICES, IN CLASS 40 (U.S. CL. 106).

FIRST USE 9-1-1984; IN COMMERCE 9-9-1984.

OWNER OF U.S. REG. NO. 1,412,615.

SER. NO. 74-367,726, FILED 3-15-1993.

ALICE SUE CARRUTHERS, EXAMINING ATTORNEY





# The State of Ohio

## Bob Taft

Secretary of State

886928

## ✤ Certificate ✤

It is hereby certified that the Secretary of State of Ohio has custody of the Records of Incorporation and Miscellaneous

Filings; that said records show the filing and recording of:    ARF MIS

of:

OHIO STATE MANAGEMENT SERVICES, INC.

Recorded on Roll 4297 at Frame 1193        of

the Records of Incorporation and Miscellaneous Filings.

United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the Secretary of State at

Columbus, Ohio, this  1ST  day of   DEC        ,

A.D. 19 94  .



*Bob Taft*

Bob Taft
Secretary of State



*The Ohio Legal Blank Co., Inc. Cleveland, Ohio 44102-1799*
*Publishers and Dealers Since 1883*

| Approved | *KN* |
|----------|------|
| Date | *12/1/94* |
| Fee | *$ 25.00* |

*9411081390 1*

# Articles of Incorporation

### (Under Chapter 1701 of the Ohio Revised Code)
### Profit Corporation

The undersigned, desiring to form a corporation, for profit, under Sections 1701.01 et seq. of the Ohio Revised Code, do hereby state the following:

**FIRST.** The name of said corporation shall be _____

_____ OHIO STATE MANAGEMENT SERVICES, INC. _____

**SECOND.** The place in Ohio where its principal office is to be located is _____

365 East Highland Road   Macedonia, Ohio  44056 , _____ Summit _____ County.

(City, Village or Township)

**THIRD.** The purposes for which it is formed are:

1. To manage troubled Ever-Dry Franchises.

2. To engage in all lawful activities for which a corporation may engage under the laws of the State of Ohio.

The Ohio Legal Blank Co., Inc., Cleveland, OH 44102-1799
Publishers and Dealers since 1883

# Original Appointment of Statutory Agent

## Ohio Corporation

| | |
|---|---|
| Charter No. | _____ |
| Approved | _____ |
| Date | _____ |
| Fee | _____ |

The undersigned, being at least a majority of the incorporators of _____

_____ OHIO STATE MANAGEMENT SERVICES, INC. _____ , hereby appoint
(Name of Corporation)

_____ Kenneth B. Baker _____
(Name of Agent)

to be statutory agent upon whom any process, notice or demand required or permitted by statute to be served upon the corporation may be served.

Complete address of the agent is:   601 Rockwell Avenue
601 Rockwell Building – 6th Floor
(Street)

Cleveland
(City or Village)

Cuyahoga _____ County, Ohio   44114-1601
(Zip Code)

Date: November 4, 1994

_____
Bruce A. Block        (Incorporator)

_____
Kenneth B. Baker      (Incorporator)

_____
Michele Polito Soucie  (Incorporator)

(Incorporators names should be typed or printed beneath signatures)

### Acceptance of Appointment

The undersigned, _____ Kenneth B. Baker _____ , named herein as the statutory agent

for _____ OHIO STATE MANAGEMENT SERVICES, INC. _____ , hereby acknowledges and accepts
(name of corporation)

the appointment of statutory agent for said corporation.

X _____

Statutory Agent  Kenneth B. Baker

### Instructions

1) Profit and non-profit articles of incorporation must be accompanied by an original appointment of agent. R.C. 1701.04(C), 1702.04(C).

2) The statutory agent for a corporation may be (a) a natural person who is a resident of Ohio, or (b) an Ohio corporation or a foreign profit corporation licensed in Ohio which has a business address in this state and is explicitly authorized by its articles of incorporation to act as a statutory agent. R.C. 1701.07(A), 1702.06(A).

3) The agent's complete street address must be given; a post office box number is not acceptable. R.C. 1701.07(C), 1702.06(C).

4) An original appointment of agent form must be signed by at least a majority of the incorporators of the corporation. R.C. 1701.07(B), 1702.06(B).

, FOURTH. The number of shares which the corporation is authorized to have outstanding is

Seven Hundred Fifty (750)

(Please state whether shares are common or preferred, and their par value. Shares will be recorded as common with no par value unless otherwise indicated.)

IN WITNESS WHEREOF, We have hereunto subscribed our names, this __4th__ day

of __November__, 19 __94__.

OHIO STATE MANAGEMENT SERVICES, INC.

(Name of Corporation)

By: _____, Incorporator

Bruce A. Block

By: _____, Incorporator

Kenneth B. Baker

By: _____, Incorporator

Michele Polito Soucie

Print or type incorporators' names below their signatures.

## INSTRUCTIONS

1) Please see Section 111.16(A) of the Ohio Revised Code or contact the Secretary of State's Office (614-466-3910) to determine the correct fee. Please make checks payable to the Secretary of State of Ohio.

2) Articles will be returned unless accompanied by an Original Appointment of Statutory Agent. Please see Section 1701.07 of the Ohio Revised Code.

**CORPORATION** *FOR PROFIT*
Form No. A-1B Revised 1990

*The Ohio Legal Blank Co., Inc. Cleveland, OH 44102-1799*
*Publishers and Dealers Since 1883*



BOB TAFT, Secretary of State
30 East Broad Street, 14th Floor
Columbus, Ohio 43266-0418
Form SH-AMD (January 1991)

Approved _EJS_
Date_7-7-97_
Fee _35 —_

9706061740 3

# CERTIFICATE OF AMENDMENT
## by Shareholders to the Articles of Incorporation of

OHIO STATE MANAGEMENT SERVICES, INC.
### (Name of Corporation)

Nicholas DiCello _____, who is:

☐ Chairman of the Board  ☒ President  ☐ Vice President (check one)

and

___Judy Garvin_____, who is: ☒ Secretary  ☐ Assistant Secretary (Check one)

of the above named Ohio corporation for profit do hereby certify that: (check the appropriate box and complete the appropriate statements)

☒ a meeting of the shareholders was duly called for the purpose of adopting this amendment and
) held on ____May 20_____, 19 97____ at which meeting a quorum of the shareholders was present in person or by proxy, and by the affirmative vote of the holders of shares entitling them to exercise ___100%_% of the voting power of the corporation.

☐ in a writing signed by all of the shareholders who would be entitled to notice of a meeting held for that purpose, the following resolution to amend the articles was adopted:

TO CHANGE THE NAME OF OHIO STATE MANAGEMENT SERVICES, INC. TO EVERDRY MANAGEMENT SERVICES, INC.

RECEIVED
JUL 07 1997
BOB TAFT
SECRETARY OF STATE

IN WITNESS WHEREOF, the above named officers, acting for and on the behalf of the corporation, have hereto subscribed their names this _21 st_ day of_May_____, 19_97_.

By _____
(Chairman, President, Vice Predisent)

By _____
(Secretary, Assistant Secretary)

NOTE: Ohio law does not permit one officer to sign in two capacities, Two separate signatures are required, even if this necessitates the election of a second officer before the filing can be made.



Mark the "X" in this box only if there is a change to Employer Identification Number (EIN) or Name.

See instructions on page 1.

BANK NAME/ DATE STAMP

|  | | | | 1st Quarter |
|---|---|---|---|---|
| 941 | 945 | | | 2nd Quarter |
| 990-C | 1120 | | | 3rd Quarter |
| 943 | 990-T | | | 4th Quarter |
| 720 | 990-PF | | | |
| CT-1 | 1042 | | | |
| 940 | | | | |

Type of Tax

P2

FOR BANK USE IN MICR ENCODING

EIN 34-1496162 172512

EVERDRY MARKETING AND MANAGEMENT INC
365 E HIGHLAND RD
MACEDONIA OH 44056-2103

17 3    Telephone number (

Federal Tax Deposit Coupon
**Form 8109** (Rev. 10-96)



Mark the "X" in this box only if there is a change to Employer Identification Number (EIN) or Name.

See instructions on page 1.

BANK NAME/
DATE STAMP

| | | |
|---|---|---|
| 941 | 945 | 1st Quarter |
| 990-C | 1120 | 2nd Quarter |
| 943 | 990-T | 3rd Quarter |
| 720 | 990-PF | 4th Quarter |
| CT-1 | 1042 | |
| 940 | | 62 |

**EIN** 34-1790079 171212

**EVERYDRY MANAGEMENT SERVICES INC**
**365 E HIGHLAND RD**
**MACEDONIA OH 44056-2103**

FOR BANK USE IN MICR ENCODING

17 3   Telephone number ( )

**Federal Tax Deposit Coupon**
**Form 8109** (Rev. 10-96)



REMOVE THIS PLY BEFORE MAILING.

| a Control number | 666 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|---|

| b Employer identification number 34-1790079 | 1 Wages, tips, other compensation 53.00 | 2 Federal income tax withheld 0.00 |
|---|---|---|
| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 3 Social security wages 53.00 | 4 Social security tax withheld 3.29 |
| | 5 Medicare wages and tips 53.00 | 6 Medicare tax withheld 0.77 |
| | 7 Social security tips 0.00 | 8 Allocated tips |
| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) DOUGLAS J. ARGENTIERE 122 ELDER ST ROCHESTER NY 14606 | 11 Nonqualified plans | 12 Benefits included in box 1 |
| | 13 See instrs. for box 13 | 14 Other |
| | 15 Statutory employee ☐ Deceased ☐ Pension plan ☐ Legal rep. ☐ Deferred compensation ☐ | |
| f Employee's address and ZIP code | | |

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34-1790079 | 53.00 | 0.00 | NY NO C | 53.00 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**   36-2515832   Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

REMOVE THIS PLY BEFORE MAILING.

| a Control number | 292 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|---|

| b Employer identification number 34-1790079 | 1 Wages, tips, other compensation 2587.07 | 2 Federal income tax withheld 68.86 |
|---|---|---|
| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 3 Social security wages 2587.07 | 4 Social security tax withheld 160.40 |
| | 5 Medicare wages and tips 2587.07 | 6 Medicare tax withheld 37.51 |
| | 7 Social security tips 0.00 | 8 Allocated tips |
| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) LORRAINE BACKUS 396 WIMBLEDON ROAD ROCHESTER NY 14617 | 11 Nonqualified plans | 12 Benefits included in box 1 |
| | 13 See instrs. for box 13 | 14 Other |
| | 15 Statutory employee ☐ Deceased ☐ Pension plan ☐ Legal rep. ☐ Deferred compensation ☐ | |
| f Employee's address and ZIP code | | |

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34-1790079 | 2587.07 | 15.49 | NY NO C | 2587.07 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**



of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

| a Control number | 1453 | 22222 | Void | For Official Use Only ▶ OMB No. 1545-0008 | | |
|---|---|---|---|---|---|---|

OMB No. 1545-0008

| | | | 1 Wages, tips, other compensation | 412.00 | 2 Federal income tax withheld | 0.00 |
|---|---|---|---|---|---|---|
| b Employer identification number  34-1790079 | | | 3 Social security wages  412.00 | | 4 Social security tax withheld  25.54 | |
| c Employer's name, address, and ZIP code  EVERDRY MGT SERV/ROCHESTER  365 HIGHLAND RD E  MACEDONIA  OH  44056 | | | 5 Medicare wages and tips  412.00 | | 6 Medicare tax withheld  5.97 | |
| | | | 7 Social security tips  0.00 | | 8 Allocated tips | |
| d Employee's social security number  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 | | | 9 Advance EIC payment | | 10 Dependent care benefits | |
| e Employee's name (first, middle initial, last)  MELIKAH L. BRUNER | | | 11 Nonqualified plans | | 12 Benefits included in box 1 | |
| | | | 13 See instrs. for box 13 | | 14 Other | |
| 1364 NORTON ST  ROCHESTER NY  14621 | | | 15 Statutory employee ☐ | Deceased ☐ | Pension plan ☐ | Legal rep. ☐ | Deferred compensation ☐ |
| f Employee's address and ZIP code | | | | | | |

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34-1790079 | 412.00 | 0.30 | NY NO C | 412.00 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**

36-2515832

Department of the Treasury—Internal Revenue Service

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

Copy A For Social Security Administration—Send this entire page with Form W-3 to the Social Security Administration;

## Form W-2 (Top)

| a Control number  1074 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | | |
|---|---|---|---|---|---|
| | | | 1 Wages, tips, other compensation  4217.04 | | 2 Federal income tax withheld  441.32 |
| b Employer identification number  34-1790079 | | | 3 Social security wages  4217.04 | | 4 Social security tax withheld  261.46 |
| c Employer's name, address, and ZIP code  EVERDRY MGT SERV/ROCHESTER  365 HIGHLAND RD E  MACEDONIA OH 44056 | | | 5 Medicare wages and tips  4217.04 | | 6 Medicare tax withheld  61.15 |
| | | | 7 Social security tips  0.00 | | 8 Allocated tips |
| | | | 9 Advance EIC payment | | 10 Dependent care benefits |
| d Employee's social security number  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 | | | 11 Nonqualified plans | | 12 Benefits included in box 1 |
| e Employee's name (first, middle initial, last)  SHERRI L. CLARK  PO BOX 92072  ROCHESTER NY 14692 | | | 13 See instrs. for box 13 | | 14 Other |

| 15 Statutory employee | Deceased | Pension plan | Legal rep. | Deferred compensation |
|---|---|---|---|---|

| f Employee's address and ZIP code | | | 17 State wages, tips, etc.  4217.04 | 18 State income tax  41.09 | 19 Locality name  NY NO C | 20 Local wages, tips, etc.  4217.04 | 21 Local income tax  0.00 |
|---|---|---|---|---|---|---|---|
| 16 State  NY | Employer's state I.D. no.  34-1790079 | | | | | | |

Form **W-2** Wage and Tax Statement **1999**

36-2515832

Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

---

## Form W-2 (Bottom)

| a Control number  1480 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | | |
|---|---|---|---|---|---|
| | | | 1 Wages, tips, other compensation  196.00 | | 2 Federal income tax withheld  0.00 |
| b Employer identification number  34-1790079 | | | 3 Social security wages  196.00 | | 4 Social security tax withheld  12.15 |
| c Employer's name, address, and ZIP code  EVERDRY MGT SERV/ROCHESTER  365 HIGHLAND RD E  MACEDONIA OH 44056 | | | 5 Medicare wages and tips  196.00 | | 6 Medicare tax withheld  2.84 |
| | | | 7 Social security tips  0.00 | | 8 Allocated tips |
| | | | 9 Advance EIC payment | | 10 Dependent care benefits |
| d Employee's social security number  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 | | | 11 Nonqualified plans | | 12 Benefits included in box 1 |
| e Employee's name (first, middle initial, last)  CATHERINE A F. CLAUSS  168 MAIN ST APT 4  BROCKPORT NY 14420 | | | 13 See instrs. for box 13 | | 14 Other |

| 15 Statutory employee | Deceased | Pension plan | Legal rep. | Deferred compensation |
|---|---|---|---|---|

| f Employee's address and ZIP code | | | 17 State wages, tips, etc.  196.00 | 18 State income tax  0.00 | 19 Locality name  NY NO C | 20 Local wages, tips, etc.  196.00 | 21 Local income tax  0.00 |
|---|---|---|---|---|---|---|---|
| 16 State  NY | Employer's state I.D. no.  34-1790079 | | | | | | |

Form **W-2** Wage and Tax Statement **1999**

36-2515832

Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

REMOVE THIS PLY BEFORE MAILING.

REMOVE THIS PLY BEFORE MAILING.

**Form W-2 (Top)**

| a Control number  1415  22222 | Void ☐ | For Official Use Only ►  OMB No. 1545-0008 | |
|---|---|---|---|

| | | 1 Wages, tips, other compensation  191.00 | 2 Federal income tax withheld  7.35 |
|---|---|---|---|
| b Employer identification number  34-1790079 | | 3 Social security wages  191.00 | 4 Social security tax withheld  11.84 |
| c Employer's name, address, and ZIP code  EVERDRY MGT SERV/ROCHESTER  365 HIGHLAND RD E  MACEDONIA OH 44056 | | 5 Medicare wages and tips  191.00 | 6 Medicare tax withheld  2.77 |
| | | 7 Social security tips  0.00 | 8 Allocated tips |
| d Employee's social security number  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 | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last)  MELANIE COCCHIARA | | 11 Nonqualified plans | 12 Benefits included in box 1 |
| 4718 DEWEY AVE APT 4  ROCHESTER NY 14612 | | 13 See instrs. for box 13 | 14 Other |
| | | 15 Statutory employee ☐  Deceased ☐  Pension plan ☐  Legal rep. ☐  Deferred compensation ☐ | |

| 16 State  NY | Employer's state I.D. no.  34-1790079 | 17 State wages, tips, etc.  191.00 | 18 State income tax  1.17 | 19 Locality name  NY NO C | 20 Local wages, tips, etc.  191.00 | 21 Local income tax  0.00 |
|---|---|---|---|---|---|---|

36-2515832

Department of the Treasury—Internal Revenue Service

Form **W-2** Wage and Tax Statement **1999**

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

---

REMOVE THIS PLY BEFORE MAILING.

**Form W-2 (Bottom)**

| a Control number  348  22222 | Void ☐ | For Official Use Only ►  OMB No. 1545-0008 | |
|---|---|---|---|

| | | 1 Wages, tips, other compensation  2674.56 | 2 Federal income tax withheld  0.00 |
|---|---|---|---|
| b Employer identification number  34-1790079 | | 3 Social security wages  2674.56 | 4 Social security tax withheld  165.82 |
| c Employer's name, address, and ZIP code  EVERDRY MGT SERV/ROCHESTER  365 HIGHLAND RD E  MACEDONIA OH 44056 | | 5 Medicare wages and tips  2674.56 | 6 Medicare tax withheld  38.78 |
| | | 7 Social security tips  0.00 | 8 Allocated tips |
| d Employee's social security number  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 | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last)  LILL J. COCILOVA | | 11 Nonqualified plans | 12 Benefits included in box 1 |
| 233 RIDGEWAY AVE  ROCHESTER NY 14615 | | 13 See instrs. for box 13 | 14 Other |
| | | 15 Statutory employee ☐  Deceased ☐  Pension plan ☐  Legal rep. ☐  Deferred compensation ☐ | |

| 16 State  NY | Employer's state I.D. no.  34-1790079 | 17 State wages, tips, etc.  2674.56 | 18 State income tax  0.51 | 19 Locality name  NY NO C | 20 Local wages, tips, etc.  2674.56 | 21 Local income tax  0.00 |
|---|---|---|---|---|---|---|

36-2515832

Department of the Treasury—Internal Revenue Service

Form **W-2** Wage and Tax Statement **1999**

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

| a Control number 1364 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | | |
|---|---|---|---|---|---|

| b Employer identification number 34-1790079 | | 1 Wages, tips, other compensation 2120.88 | 2 Federal income tax withheld 52.76 |
|---|---|---|---|
| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | | 3 Social security wages 2120.88 | 4 Social security tax withheld 131.49 |
| | | 5 Medicare wages and tips 2120.88 | 6 Medicare tax withheld 30.75 |
| | | 7 Social security tips 0.00 | 8 Allocated tips |
| d Employee's social security number 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 | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) BEVERLY A. DIPAOLA | | 11 Nonqualified plans | 12 Benefits included in box 1 |
| | | 13 See Instrs. for box 13 | 14 Other |
| 644 ELMGROVE RD ROCHESTER NY 14606 | | | |
| | | 15 Statutory employee ☐ Deceased ☐ Pension plan ☐ Legal rep. ☐ Deferred compensation ☐ | |
| f Employee's address and ZIP code | | | |

| 16 State NY | Employer's state I.D. no. 34-1790079 | 17 State wages, tips, etc. 2120.88 | 18 State income tax 8.33 | 19 Locality name NY NO C | 20 Local wages, tips, etc. 2120.88 | 21 Local income tax 0.00 |
|---|---|---|---|---|---|---|

Form **W-2** **Wage and Tax Statement** **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

| a Control number 321 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | | |
|---|---|---|---|---|---|

| b Employer identification number 34-1790079 | | 1 Wages, tips, other compensation 2653.25 | 2 Federal income tax withheld 253.70 |
|---|---|---|---|
| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | | 3 Social security wages 2653.25 | 4 Social security tax withheld 164.50 |
| | | 5 Medicare wages and tips 2653.25 | 6 Medicare tax withheld 38.47 |
| | | 7 Social security tips 0.00 | 8 Allocated tips |
| d Employee's social security number 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 | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) STEPHANIE M. DISTASIO | | 11 Nonqualified plans | 12 Benefits included in box 1 |
| | | 13 See Instrs. for box 13 | 14 Other |
| 14 CHARIENE DRIVE ROCHESTER NY 14606 | | | |
| | | 15 Statutory employee ☐ Deceased ☐ Pension plan ☐ Legal rep. ☐ Deferred compensation ☐ | |
| f Employee's address and ZIP code | | | |

| 16 State NY | Employer's state I.D. no. 34-1790079 | 17 State wages, tips, etc. 2653.25 | 18 State income tax 17.40 | 19 Locality name NY NO C | 20 Local wages, tips, etc. 2653.25 | 21 Local income tax 0.00 |
|---|---|---|---|---|---|---|

Form **W-2** **Wage and Tax Statement** **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

| a Control number | 1093 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|---|

| b Employer identification number 34--1790079 | 1 Wages, tips, other compensation 25861.81 | 2 Federal income tax withheld 1753.37 |
|---|---|---|
| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 3 Social security wages 25861.81 | 4 Social security tax withheld 1603.43 |
| | 5 Medicare wages and tips 25861.81 | 6 Medicare tax withheld 375.00 |
| | 7 Social security tips 0.00 | 8 Allocated tips |
| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) DOUGLAS J. DONOVAN 729 LEE RD ROCHESTER NY 14606 | 11 Nonqualified plans | 12 Benefits included in box 1 |
| | 13 See instrs. for box 13 | 14 Other |
| f Employee's address and ZIP code | 15 Statutory employee ☐  Deceased ☐  Pension plan ☐  Legal rep. ☐  Deferred compensation ☐ | |

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34--1790079 | 25861.81 | 641.95 | NY NO C | 26174.65 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**   36-2515832   Department of the Treasury—Internal Revenue Service

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

REMOVE THIS PLY BEFORE MAILING.

---

| a Control number | 718 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|---|

| b Employer identification number 34-1790079 | 1 Wages, tips, other compensation 10960.72 | 2 Federal income tax withheld 499.36 |
|---|---|---|
| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 3 Social security wages 10960.72 | 4 Social security tax withheld 679.56 |
| | 5 Medicare wages and tips 10960.72 | 6 Medicare tax withheld 158.93 |
| | 7 Social security tips 0.00 | 8 Allocated tips |
| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) DANIELLE M. DOTY 1485 VROOM RD SPENCEPORT NY 14559 | 11 Nonqualified plans | 12 Benefits included in box 1 |
| | 13 See instrs. for box 13 | 14 Other |
| f Employee's address and ZIP code | 15 Statutory employee ☐  Deceased ☐  Pension plan ☐  Legal rep. ☐  Deferred compensation ☐ | |

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34--1790079 | 10960.72 | 116.01 | NY NO C | 10960.72 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**   36-2515832   Department of the Treasury—Internal Revenue Service

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

REMOVE THIS PLY BEFORE MAILING.

| a Control number | 1429 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|---|

| b Employer identification number 34--1790079 | 1 Wages, tips, other compensation 8121.95 | 2 Federal income tax withheld 227.08 |
|---|---|---|
| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 3 Social security wages 8121.95 | 4 Social security tax withheld 503.56 |
| | 5 Medicare wages and tips 8121.95 | 6 Medicare tax withheld 117.77 |
| | 7 Social security tips 0.00 | 8 Allocated tips |
| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) NANCY B. HOFFMEIER | 11 Nonqualified plans | 12 Benefits included in box 1 |
| 10-F RAMONA PARK ROCHESTER NY 14615 | 13 See instrs. for box 13 | 14 Other |

| 15 Statutory employee ☐ | Deceased ☐ | Pension plan ☐ | Legal rep. ☐ | Deferred compensation ☐ |
|---|---|---|---|---|

f Employee's address and ZIP code

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34--1790079 | 8121.95 | 96.72 | NY NO C | 8121.95 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

Copy A For Social Security Administration—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

---

| a Control number | 1390 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|---|

| b Employer identification number 34--1790079 | 1 Wages, tips, other compensation 681.00 | 2 Federal income tax withheld 25.43 |
|---|---|---|
| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 3 Social security wages 681.00 | 4 Social security tax withheld 42.22 |
| | 5 Medicare wages and tips 681.00 | 6 Medicare tax withheld 9.87 |
| | 7 Social security tips 0.00 | 8 Allocated tips |
| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) ASHLEY R. HOUGHTON | 11 Nonqualified plans | 12 Benefits included in box 1 |
| 281 JAMESTOWN TERR ROCHESTER NY 14615 | 13 See instrs. for box 13 | 14 Other |

| 15 Statutory employee ☐ | Deceased ☐ | Pension plan ☐ | Legal rep. ☐ | Deferred compensation ☐ |
|---|---|---|---|---|

f Employee's address and ZIP code

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34--1790079 | 681.00 | 2.42 | NY NO C | 681.00 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

Copy A For Social Security Administration—Send this entire page with Form W-3 to the Social Security Administration;

REMOVE THIS PLY BEFORE MAILING.

REMOVE THIS PLY BEFORE MAILING.

REMOVE THIS PLY BEFORE MAILING.

| a Control number | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|

| b Employer identification number 34-1790079 | 1 Wages, tips, other compensation 9517.30 | 2 Federal income tax withheld 919.70 |
|---|---|---|

| c Employer's name, address, and ZIP code | 3 Social security wages 9517.30 | 4 Social security tax withheld 590.07 |
|---|---|---|
| EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 5 Medicare wages and tips 9517.30 | 6 Medicare tax withheld 138.00 |
| | 7 Social security tips 0.00 | 8 Allocated tips |

| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|

| e Employee's name (first, middle initial, last) | 11 Nonqualified plans | 12 Benefits included in box 1 |
|---|---|---|
| LESLIE M. LIESE JR | | |
| 578 LAKESHORE BLVD ROCHESTER NY 14617 | 13 See instrs. for box 13 | 14 Other |

| 15 Statutory employee ☐ | Deceased ☐ | Pension plan ☐ | Legal rep. ☐ | Deferred compensation ☐ |
|---|---|---|---|---|

f Employee's address and ZIP code

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34-1790079 | 9517.30 | 193.91 | NY NO C | 9517.30 | 0.00 |

Form **W-2** **Wage and Tax Statement** **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

Copy A For Social Security Administration—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

---

REMOVE THIS PLY BEFORE MAILING.

| a Control number | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|

| b Employer identification number 34-1790079 | 1 Wages, tips, other compensation 408.00 | 2 Federal income tax withheld 8.58 |
|---|---|---|

| c Employer's name, address, and ZIP code | 3 Social security wages 408.00 | 4 Social security tax withheld 25.30 |
|---|---|---|
| EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 5 Medicare wages and tips 408.00 | 6 Medicare tax withheld 5.92 |
| | 7 Social security tips 0.00 | 8 Allocated tips |

| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|

| e Employee's name (first, middle initial, last) | 11 Nonqualified plans | 12 Benefits included in box 1 |
|---|---|---|
| JOELLE T. LOIACONO | | |
| 42 BRAMBLEWOOD LN ROCHESTER NY 14624 | 13 See instrs. for box 13 | 14 Other |

| 15 Statutory employee ☐ | Deceased ☐ | Pension plan ☐ | Legal rep. ☐ | Deferred compensation ☐ |
|---|---|---|---|---|

f Employee's address and ZIP code

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34-1790079 | 408.00 | 0.00 | NY NO C | 408.00 | 0.00 |

Form **W-2** **Wage and Tax Statement** **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

Copy A For Social Security Administration—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

## Form W-2 (Top)

| Field | Value |
|---|---|
| a Control number | 787   22222 |
| Void | ☐ |
| For Official Use Only ► OMB No. 1545-0008 | |
| b Employer identification number | 34-1790079 |
| c Employer's name, address, and ZIP code | EVERDRY MGT SERV/ROCHESTER<br>365 HIGHLAND RD E<br>MACEDONIA OH 44056 |
| 1 Wages, tips, other compensation | 26.25 |
| 2 Federal income tax withheld | 0.00 |
| 3 Social security wages | 26.25 |
| 4 Social security tax withheld | 1.63 |
| 5 Medicare wages and tips | 26.25 |
| 6 Medicare tax withheld | 0.38 |
| 7 Social security tips | 0.00 |
| 8 Allocated tips | |
| d Employee's social security number | 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 |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| e Employee's name (first, middle initial, last) | JIMMY A. NASH<br>477 GLENWOOD AVE<br>ROCHESTER NY 14606 |
| 11 Nonqualified plans | |
| 12 Benefits included in box 1 | |
| 13 See instrs. for box 13 | |
| 14 Other | |
| f Employee's address and ZIP code | |
| 15 Statutory employee ☐ Deceased ☐ Pension plan ☐ Legal rep. ☐ Deferred compensation ☐ | |

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34-1790079 | 26.25 | 0.00 | NY NO C | 26.25 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**   36-2515832

Department of the Treasury—Internal Revenue Service

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

---

## Form W-2 (Bottom)

| Field | Value |
|---|---|
| a Control number | 231   22222 |
| Void | ☐ |
| For Official Use Only ► OMB No. 1545-0008 | |
| b Employer identification number | 34-1790079 |
| c Employer's name, address, and ZIP code | EVERDRY MGT SERV/ROCHESTER<br>365 HIGHLAND RD E<br>MACEDONIA OH 44056 |
| 1 Wages, tips, other compensation | 465.00 |
| 2 Federal income tax withheld | 35.55 |
| 3 Social security wages | 465.00 |
| 4 Social security tax withheld | 28.83 |
| 5 Medicare wages and tips | 465.00 |
| 6 Medicare tax withheld | 6.74 |
| 7 Social security tips | 0.00 |
| 8 Allocated tips | |
| d Employee's social security number | 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 |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| e Employee's name (first, middle initial, last) | KYLEY B. O'BRIEN<br>54 BROOKVIEW RD<br>ROCHESTER NY 14624 |
| 11 Nonqualified plans | |
| 12 Benefits included in box 1 | |
| 13 See instrs. for box 13 | |
| 14 Other | |
| f Employee's address and ZIP code | |
| 15 Statutory employee ☐ Deceased ☐ Pension plan ☐ Legal rep. ☐ Deferred compensation ☐ | |

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34-1790079 | 465.00 | 0.87 | NY NO C | 465.00 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**   36-2515832

Department of the Treasury—Internal Revenue Service

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration;

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

REMOVE THIS PLY BEFORE MAILING.

| a Control number 714 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|

| b Employer identification number 34-1790079 | 1 Wages, tips, other compensation 48.00 | 2 Federal income tax withheld 0.00 |
|---|---|---|
| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 3 Social security wages 48.00 | 4 Social security tax withheld 2.98 |
| | 5 Medicare wages and tips 48.00 | 6 Medicare tax withheld 0.70 |
| | 7 Social security tips 0.00 | 8 Allocated tips |
| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) KARA D. PADOLESKI | 11 Nonqualified plans | 12 Benefits included in box 1 |
| 261 PONDVIEW HTS ROCHESTER NY 14612 | 13 See instrs. for box 13 | 14 Other |

| 15 Statutory employee ☐ | Deceased ☐ | Pension plan ☐ | Legal rep. ☐ | Deferred compensation ☐ |
|---|---|---|---|---|

f Employee's address and ZIP code

| 16 State NY | Employer's state I.D. no. 34-1790079 | 17 State wages, tips, etc. 48.00 | 18 State income tax 0.00 | 19 Locality name NY NO C | 20 Local wages, tips, etc. 48.00 | 21 Local income tax 0.00 |
|---|---|---|---|---|---|---|

Form **W-2** **Wage and Tax Statement** **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

---

| a Control number 600 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|

| b Employer identification number 34-1790079 | 1 Wages, tips, other compensation 5110.24 | 2 Federal income tax withheld 328.80 |
|---|---|---|
| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 3 Social security wages 5110.24 | 4 Social security tax withheld 316.83 |
| | 5 Medicare wages and tips 5110.24 | 6 Medicare tax withheld 74.10 |
| | 7 Social security tips 0.00 | 8 Allocated tips |
| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) ANNA M. PAMPAUKIDIS | 11 Nonqualified plans | 12 Benefits included in box 1 |
| 48 GATES MANOR DR ROCHESTER NY 14606 | 13 See instrs. for box 13 | 14 Other |

| 15 Statutory employee ☐ | Deceased ☐ | Pension plan ☐ | Legal rep. ☐ | Deferred compensation ☐ |
|---|---|---|---|---|

f Employee's address and ZIP code

| 16 State NY | Employer's state I.D. no. 34-1790079 | 17 State wages, tips, etc. 5110.24 | 18 State income tax 42.78 | 19 Locality name NY NO C | 20 Local wages, tips, etc. 5110.24 | 21 Local income tax 0.00 |
|---|---|---|---|---|---|---|

Form **W-2** **Wage and Tax Statement** **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

## W-2 Form (Top)

REMOVE THIS PLY BEFORE MAILING

| a Control number | 1482 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|---|

| b Employer identification number | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|
| 34-1790079 | | 283.00 | 19.50 |

| c Employer's name, address, and ZIP code | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| EVERDRY MGT SERV/ROCHESTER | 283.00 | 17.55 |
| 365 HIGHLAND RD E | 5 Medicare wages and tips | 6 Medicare tax withheld |
| MACEDONIA OH 44056 | 283.00 | 4.10 |
| | 7 Social security tips | 8 Allocated tips |
| | 0.00 | |

| d Employee's social security number | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|
| 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 | | |

| e Employee's name (first, middle initial, last) | 11 Nonqualified plans | 12 Benefits included in box 1 |
|---|---|---|
| WILLIAM G. POLSON | | |
| 70 SPRING ST | 13 See instrs. for box 13 | 14 Other |
| BROCKPORT NY 14420 | | |

15 Statutory employee ☐  Deceased ☐  Pension plan ☐  Legal rep. ☐  Deferred compensation ☐

f Employee's address and ZIP code

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34-1790079 | 283.00 | 0.00 | NY NO C | 283.00 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

---

## W-2 Form (Bottom)

REMOVE THIS PLY BEFORE MAILING

| a Control number | 133 | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|---|

| b Employer identification number | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|
| 34-1790079 | | 223.00 | 18.15 |

| c Employer's name, address, and ZIP code | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| EVERDRY MGT SERV/ROCHESTER | 223.00 | 13.83 |
| 365 HIGHLAND RD E | 5 Medicare wages and tips | 6 Medicare tax withheld |
| MACEDONIA OH 44056 | 223.00 | 3.23 |
| | 7 Social security tips | 8 Allocated tips |
| | 0.00 | |

| d Employee's social security number | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|
| 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 | | |

| e Employee's name (first, middle initial, last) | 11 Nonqualified plans | 12 Benefits included in box 1 |
|---|---|---|
| MEGHANN M. POWELL | | |
| 26 FITCH STREET | 13 See instrs. for box 13 | 14 Other |
| CHURCHVILLE NY 14428 | | |

15 Statutory employee ☐  Deceased ☐  Pension plan ☐  Legal rep. ☐  Deferred compensation ☐

f Employee's address and ZIP code

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34-1790079 | 223.00 | 0.00 | NY NO C | 223.00 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration;

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

## Form W-2 — First

| | |
|---|---|
| **a** Control number 1380 22222 | Void ☐ For Official Use Only ▶ OMB No. 1545-0008 |

| Box | Amount |
|---|---|
| 1 Wages, tips, other compensation | 96.00 |
| 2 Federal income tax withheld | 0.00 |
| **b** Employer identification number 34--1790079 | |
| 3 Social security wages | 96.00 |
| 4 Social security tax withheld | 5.95 |
| **c** Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | |
| 5 Medicare wages and tips | 96.00 |
| 6 Medicare tax withheld | 1.39 |
| 7 Social security tips | 0.00 |
| 8 Allocated tips | |
| **d** Employee's social security number 134--48--7583 | |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| **e** Employee's name (first, middle initial, last) JANE R. WRISLEY | |
| 11 Nonqualified plans | |
| 12 Benefits included in box 1 | |
| 124 MASON ST ROCHESTER NY 14613 | |
| 13 See instrs. for box 13 | |
| 14 Other | |

15 Statutory employee ☐ Deceased ☐ Pension plan ☐ Legal rep. ☐ Deferred compensation ☐

| **f** Employee's address and ZIP code | | | | | | |
|---|---|---|---|---|---|---|
| 16 State NY | Employer's state I.D. no. 34--1790079 | 17 State wages, tips, etc. 96.00 | 18 State income tax 0.00 | 19 Locality name NY NO C | 20 Local wages, tips, etc. 96.00 | 21 Local income tax 0.00 |

36-2515832

Department of the Treasury—Internal Revenue Service

Form **W-2** Wage and Tax Statement **1999**

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

Copy A For Social Security Administration—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

## Form W-2 — Second

| | |
|---|---|
| **a** Control number 233 22222 | Void ☐ For Official Use Only ▶ OMB No. 1545-0008 |

| Box | Amount |
|---|---|
| 1 Wages, tips, other compensation | 438.00 |
| 2 Federal income tax withheld | 0.00 |
| **b** Employer identification number 34--1790079 | |
| 3 Social security wages | 438.00 |
| 4 Social security tax withheld | 27.16 |
| **c** Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | |
| 5 Medicare wages and tips | 438.00 |
| 6 Medicare tax withheld | 6.35 |
| 7 Social security tips | 0.00 |
| 8 Allocated tips | |
| **d** Employee's social security number 071--72--1315 | |
| 9 Advance EIC payment | |
| 10 Dependent care benefits | |
| **e** Employee's name (first, middle initial, last) JENNIFER M. ZAZZARO | |
| 11 Nonqualified plans | |
| 12 Benefits included in box 1 | |
| 64 STATT RD ROCHESTER NY 14624 | |
| 13 See instrs. for box 13 | |
| 14 Other | |

15 Statutory employee ☐ Deceased ☐ Pension plan ☐ Legal rep. ☐ Deferred compensation ☐

| **f** Employee's address and ZIP code | | | | | | |
|---|---|---|---|---|---|---|
| 16 State NY | Employer's state I.D. no. 34--1790079 | 17 State wages, tips, etc. 438.00 | 18 State income tax 0.42 | 19 Locality name NY NO C | 20 Local wages, tips, etc. 438.00 | 21 Local income tax 0.00 |

36-2515832

Department of the Treasury—Internal Revenue Service

Form **W-2** Wage and Tax Statement **1999**

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

Copy A For Social Security Administration—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

| a Control number | 22222 | Void | For Official Use Only ▶ OMB No. 1545-0008 | | |
|---|---|---|---|---|---|

| | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|
| b Employer identification number 34-1790079 | | 192.00 | 2.42 |
| | | 3 Social security wages | 4 Social security tax withheld |
| c Employer's name, address, and ZIP code | | 192.00 | 11.90 |
| EVERDRY MGT SERV/ROCHESTER | | 5 Medicare wages and tips | 6 Medicare tax withheld |
| 365 HIGHLAND RD E | | 192.00 | 2.78 |
| MACEDONIA OH 44056 | | 7 Social security tips | 8 Allocated tips |
| | | 0.00 | |
| d Employee's social security number 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 | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) | | 11 Nonqualified plans | 12 Benefits included in box 1 |
| DUSTINE S. LAMONT | | | |
| 66 JERSEY ST | | 13 See instrs. for box 13 | 14 Other |
| ROCHESTER NY 14609 | | | |
| | | 15 Statutory employee ☐ Deceased ☐ Pension plan ☐ Legal rep ☐ Deferred compensation ☐ | |

| f Employee's address and ZIP code | | | | | | |
|---|---|---|---|---|---|---|
| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
| NY | 34-1790079 | 192.00 | 0.00 | NY NO C | 192.00 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**        36-2515832        Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

Copy A For Social Security Administration—Send this entire page with Form W-3 to the Social Security Administration; photocopies are not acceptable.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

---

| a Control number | 22222 | Void | For Official Use Only ▶ OMB No. 1545-0008 | | |
|---|---|---|---|---|---|

| | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|
| b Employer identification number 34-1790079 | | 9478.89 | 1069.84 |
| | | 3 Social security wages | 4 Social security tax withheld |
| c Employer's name, address, and ZIP code | | 9478.89 | 587.69 |
| EVERDRY MGT SERV/ROCHESTER | | 5 Medicare wages and tips | 6 Medicare tax withheld |
| 365 HIGHLAND RD E | | 9478.89 | 137.44 |
| MACEDONIA OH 44056 | | 7 Social security tips | 8 Allocated tips |
| | | 0.00 | |
| d Employee's social security number 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 | | 9 Advance EIC payment | 10 Dependent care benefits |
| e Employee's name (first, middle initial, last) | | 11 Nonqualified plans | 12 Benefits included in box 1 |
| JEREMY J. LANG | | | |
| 263 RIVER ST | | 13 See instrs. for box 13 | 14 Other |
| ROCHESTER NY 14612 | | | |
| | | 15 Statutory employee ☐ Deceased ☐ Pension plan ☐ Legal rep ☐ Deferred compensation ☐ | |

| f Employee's address and ZIP code | | | | | | |
|---|---|---|---|---|---|---|
| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
| NY | 34-1790079 | 9478.89 | 196.99 | NY NO C | 9478.89 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**        36-2515832        Department of the Treasury—Internal Revenue S

**For Privacy Act and Paperwork Red Act Notice, see separate instru**

Copy A For Social Security Administration—Send this entire

REMOVE THIS PLY BEFORE MAILING

| a Control number 1073 | | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | | |
|---|---|---|---|---|---|

| b Employer identification number 34-1790079 | | 1 Wages, tips, other compensation 58837.38 | 2 Federal income tax withheld 5416.52 |
|---|---|---|---|

| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 3 Social security wages 63327.38 | 4 Social security tax withheld 3926.30 |
|---|---|---|
| | 5 Medicare wages and tips 63327.38 | 6 Medicare tax withheld 918.25 |
| | 7 Social security tips 0.00 | 8 Allocated tips |

| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|

| e Employee's name (first, middle initial, last) DAVID R. BOWERS | 11 Nonqualified plans | 12 Benefits included in box 1 |
|---|---|---|
| 1200 WIND WILLOW WAY APT 9 ROCHESTER NY 14624 | 13 See instrs. for box 13 D 4488.00 | 14 Other |

| 15 Statutory employee ☐ | Deceased ☐ | Pension plan ☒ | Legal rep. ☐ | Deferred compensation ☒ |
|---|---|---|---|---|

| f Employee's address and ZIP code | | | | |
|---|---|---|---|---|

| 16 State NY | Employer's state I.D. no. 34-1790079 | 17 State wages, tips, etc. 58839.38 | 18 State income tax 2275.96 | 19 Locality name NY NO C | 20 Local wages, tips, etc. 65332.00 | 21 Local income tax 0.00 |
|---|---|---|---|---|---|---|

36-2515832 Department of the Treasury—Internal Revenue Service

**Form W-2 Wage and Tax Statement 1999**

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

Copy A For Social Security Administration—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

---

| a Control number 101 | | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | | |
|---|---|---|---|---|---|

| b Employer identification number 34-1790079 | | 1 Wages, tips, other compensation 1667.00 | 2 Federal income tax withheld 154.65 |
|---|---|---|---|

| c Employer's name, address, and ZIP code EVERDRY MGT SERV/ROCHESTER 365 HIGHLAND RD E MACEDONIA OH 44056 | 3 Social security wages 1667.00 | 4 Social security tax withheld 103.35 |
|---|---|---|
| | 5 Medicare wages and tips 1667.00 | 6 Medicare tax withheld 24.17 |
| | 7 Social security tips 0.00 | 8 Allocated tips |

| d Employee's social security number 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 | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|

| e Employee's name (first, middle initial, last) WENDY J. BRICKELL | 11 Nonqualified plans | 12 Benefits included in box 1 |
|---|---|---|
| 106 RED HICKORY DR ROCHESTER NY 14626 | 13 See instrs. for box 13 | 14 Other |

| 15 Statutory employee ☐ | Deceased ☐ | Pension plan ☐ | Legal rep. ☐ | Deferred compensation ☐ |
|---|---|---|---|---|

| f Employee's address and ZIP code | | | | |
|---|---|---|---|---|

| 16 State NY | Employer's state I.D. no. 34-1790079 | 17 State wages, tips, etc. 1667.00 | 18 State income tax 6.84 | 19 Locality name NY NO C | 20 Local wages, tips, etc. 1667.00 | 21 Local income tax 0.00 |
|---|---|---|---|---|---|---|

36-2515832 Department of the Treasury—Internal Revenue Service

**Form W-2 Wage and Tax Statement 1999**

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.

Copy A For Social Security Administration—Send this entire page with Form W-3 to the Social Security Administration;

REMOVE THIS PLY BEFORE MAILING.

| a Control number | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | | |
|---|---|---|---|---|---|

1013

| b Employer identification number | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|
| 34-1790079 | 56687.25 | 7232.33 |

| c Employer's name, address, and ZIP code | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| EVERDRY MGT SERV/ROCHESTER | 59022.25 | 3659.38 |
| 365 HIGHLAND RD E | **5 Medicare wages and tips** | **6 Medicare tax withheld** |
| MACEDONIA OH 44056 | 59022.25 | 855.82 |
| | **7 Social security tips** | **8 Allocated tips** |
| | 0.00 | |

| d Employee's social security number | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|
| 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 | | |

| e Employee's name (first, middle initial, last) | 11 Nonqualified plans | 12 Benefits included in box 1 |
|---|---|---|
| GENE A. AKE | | |
| | **13 See instrs. for box 13** | **14 Other** |
| 1093 BRITTON RD | D 2335.00 | |
| ROCHESTER NY 14616 | | |

| 15 Statutory employee ☐ | Deceased ☐ | Pension plan ☒ | Legal rep. ☐ | Deferred compensation ☒ |
|---|---|---|---|---|

f Employee's address and ZIP code

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34-1790079 | 56687.25 | 2623.24 | NY NO C | 59579.00 | 0.00 |

Form **W-2** **Wage and Tax Statement** **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.

**Do NOT Cut, Staple, or Separate Forms on This Page — Do NOT Cut, Staple, or Separate Forms on This Page**

REMOVE THIS PLY BEFORE MAILING.

| a Control number | 22222 | Void ☐ | For Official Use Only ▶ OMB No. 1545-0008 | | |
|---|---|---|---|---|---|

319

| b Employer identification number | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|
| 34-1790079 | 194.00 | 10.65 |

| c Employer's name, address, and ZIP code | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| EVERDRY MGT SERV/ROCHESTER | 194.00 | 12.03 |
| 365 HIGHLAND RD E | **5 Medicare wages and tips** | **6 Medicare tax withheld** |
| MACEDONIA OH 44056 | 194.00 | 2.81 |
| | **7 Social security tips** | **8 Allocated tips** |
| | 0.00 | |

| d Employee's social security number | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|
| 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 | | |

| e Employee's name (first, middle initial, last) | 11 Nonqualified plans | 12 Benefits included in box 1 |
|---|---|---|
| JAMES R. ALEXANDER | | |
| | **13 See instrs. for box 13** | **14 Other** |
| 288 ELECTRIC AVE | | |
| ROCHESTER NY 14613 | | |

| 15 Statutory employee ☐ | Deceased ☐ | Pension plan ☐ | Legal rep. ☐ | Deferred compensation ☐ |
|---|---|---|---|---|

f Employee's address and ZIP code

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NY | 34-1790079 | 194.00 | 0.00 | NY NO C | 194.00 | 0.00 |

Form **W-2** **Wage and Tax Statement** **1999**    36-2515832    Department of the Treasury—Internal Revenue Service

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

**Copy A For Social Security Administration**—Send this entire page with Form W-3 to the Social Security Administration; photocopies are **not** acceptable.