UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Civ. #01-CV-6329 (CJS)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

-v-  **TRIAL MEMORANDUM**

EVERDRY MARKETING AND MANAGEMENT, INC.,
EVERDRY MANAGEMENT SERVICES, INC., a/k/a
EVERDRY WATERPROOFING, and EVERDRY OF
ROCHESTER,

Defendants.

# I

## A NON-EXPERT WITNESS MAY NOT TESTIFY TO AN OPINION OR INFERENCE AS TO DAMAGE CAUSATION

It is black-letter law that expert testimony is required if the particular factual issue transcends the realm of knowledge possessed by laypersons. Federal Rules of Evidence, Rule 702; Carey v. Piphus, 435 U.S. 247, 255-56 (1978); Patterson v. P.H.P. Healthcare Corporation, 90 F. 3d 927 (5th Cir. 1996); Binder v. Long Island Lighting Co., 57 F. 3d 193 (2d Cir. 1995) (affirming remittitur of pain and suffering award of $498,000 to nominal damages only of $5,000).

Federal Rules of Evidence, Rule 701, provides that:

"If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

In the case at bar, where plaintiff has given no notice that it will offer expert testimony of any sort, the application of Rule 701 prevents the use of non-expert opinions other than routine descriptions of what the witness saw and heard. Once the witness crosses over into the area of expert testimony, qualified "by knowledge, skill, experience, training or education", (Rule 702), the proponent must follow the proper path for an expert opinion under Rule 702, i.e., provide the opposing party the benefit of the disclosure notice and discovery associated with expert testimony.

In Frank v. Plaza Construction Corp., 186 F. Supp. 2d 420 (S.D.N.Y. 2002), a claimant alleged that she suffered from dyslexia caused by sexual harassment in her employment. On a motion for summary judgment, the Court refused to consider the following testimony: A statement by the plaintiff's mother that the plaintiff had been diagnosed as a dyslexic by a physician, was rejected as hearsay; a statement by the plaintiff that repeated the physician's alleged diagnosis, was rejected as hearsay; and a statement by the plaintiff that she in fact had dyslexia, was rejected because plaintiff was not qualified to render that opinion, and/or that there was no showing that her self-diagnosis was "rationally based upon the perception of the witness". Id. at p. 433.

In the case at bar, opinions by the claimants and/or their mothers that there is a medical causal connection between the harassment alleged and the physical symptoms alleged, viz., sleeplessness, stomach aches, nausea, nervousness, and other subjective complaints, amount to inadmissible self-diagnosis by the claimants and hearsay by their mothers. At best, the plaintiffs put forth a temporal argument of *ad hoc, ergo propter hoc* ("After this, therefore because of this"). But because the subjective assertion of a symptom, especially one such as sleeplessness or a nightmare or a headache, which cannot be independently or objectively verified, follows an event, does not establish legal causation of damages. No amount of non-expert anecdotal testimony can establish causation of damages under these circumstances, and the claimants are left, at best, to nominal damages.

## II

**ABSENT COMPETENT EVIDENCE OF THE EXISTENCE, NATURE, AND SEVERITY OF AN ACTUAL INJURY, A CLAIMANT IS LIMITED TO NOMINAL DAMAGES**

The U.S. Supreme Court set the stage on the issue of the proof of emotional harm damage claims in Carey v. Piphus, *supra,* holding that in a §1983 case "Juries must be guided by appropriate instructions, and *an award of damages must be supported by competent evidence concerning the injury.*" 435 U.S. at p. 264, footnote 20. (italics supplied). Patterson v. P.H.P. Healthcare Corporation, *supra,* set out an extensive analysis of the Carey decision, and collected cases relating to nominal damage awards. 90 F 3d at p. 938. The Patterson Court also analyzed

the E.E.O.C.'s own position under Title VII, citing the E.E.O.C. POLICY GUIDE NO. 915.002 §(A)(2), at 10 (July 14, 1992), in interpreting the 1991 Amendments, allowing compensatory damages under Title VII to similarly require physical manifestations to recover for emotional harm, stating

> "Emotional harm will not be presumed simply because the complaining party is a victim of discrimination. The existence, nature, and severity of emotional harm must be proved. . . . The Commission will typically require medical evidence of emotional harm to seek damages for such harm in conciliation negotiations." 90 F. 3d at 939.

Importantly, Patterson went on to hold that

> "Nothing in the 1991 Amendments to Title VII suggests that we should analyze claims for emotional distress under Title VII using different guidelines than those explained above for §1981 emotional distress claims. . . . Consequently, we read Carey to require a plaintiff to present the same level of competent evidence under a Title VII emotional distress claim as is required to sustain a finding for emotional distress under §§1981 and 1983." Id. at 940.

The Patterson Court concluded by holding

"[I]n determining intangible harms, an award is warranted only when a sufficient causal connection exists between the statutory violation and the alleged injury." 90 F 3d at 938.

\* \* \*

"In order to establish intangible loss, we recognize that Carey requires a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of the damage award. Carey, 435 U. S. at 264. Hurt feelings, anger and frustration are a part of life. Unless the cause of action manifests some specific discernible injury to the claimant's emotional state, we cannot say that the specificity requirement of Carey has been satisfied." 90 F. 3d at 940.

The lower Court's award of $40,000 in the Patterson case was vacated, with remand to award nominal damages. In Carey, *supra*, where the District Court had reached a specific finding that the defendants had not acted with a malicious intention to deprive plaintiffs of their rights or do them any injury, the Supreme Court remanded for nominal damages "not to exceed one dollar". To like effect, see Farrar v. Hobby, 506 U.S. 103 (1992) ("... substantial damages should be awarded only to compensate actual injury. 435 U.S. at 266. Thus, Carey obligates a court to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury."), 506 U.S. at 112.

Dated: October 9, 2006

Respectfully submitted,

BOYLAN, BROWN, CODE, VIGDOR & WILSON, LLP
by: /s/ Sanford R. Shapiro

Sanford R. Shapiro
Attorneys for Defendant, Everdry Management Services, Inc.
2400 Chase Square
Rochester, New York 14604
(585) 232-5300


To: Robert D. Rose, Sr. Trial Attorney
Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor
New York, New York 10004

cc: Kenneth B. Baker, Esq.
Javitch, Block, Eisen & Rathbone
1300 East Ninth Street
Cleveland, Ohio 44114
33 Whitehall Street - 5th Floor
New York, New York 10004