Case 6:01-cv-06329-MWP   Document 273   Filed 10/02/08   Page 1 of 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                                                                                                 <u>DECISION & ORDER</u>

                Plaintiff,

                                                                                                 01-CV-6329P

             v.

EVERDRY MARKETING AND
MANAGEMENT, INC.,
EVERDRY MANAGEMENT SERVICES,
INC. a/k/a EVERDRY WATERPROOFING
and EVERDRY OF ROCHESTER,

                Defendants.

_____

        Before the Court is a motion filed by defendant Everdry Marketing and Management, Inc. ("EMM") requesting that this Court exercise its discretion to stay enforcement of the amended judgment entered on July 2, 2008, pending appeal, without requiring EMM to post a supersedeas bond. (Docket # 261).

        The EEOC commenced this action on behalf of thirteen individual claimants on June 27, 2001, against defendants EMM and Everdry Management Services, Inc. ("EMS"), asserting that they had subjected the claimants to a hostile working environment based upon their gender in violation of Title VII, 42 U.S.C. § 2000e *et seq.* (Docket # 1). On October 27, 2006, following a three-week trial, the jury determined that the defendants operated as an integrated enterprise and were liable for compensatory and punitive damages totaling $575,250. (Docket # 195). Thereafter, upon motion of the defendants, this Court determined that the amount awarded to four of the individual claimants exceeded the statutory maximum by a total of

$52,500, and reduced the final judgment by that amount. (Docket # 257). All parties to this action have appealed the judgment. (Docket ## 266, 267 and 270).

Rule 62 of the Federal Rules of Civil Procedure provides that when a party appeals a final judgment, the appellant may obtain a stay of execution or enforcement of that judgment by posting a supersedeas bond. Fed. R. Civ. P. 62(d). What EMM seeks here, however, is both a stay of judgment and a waiver of the bond requirement. While the EEOC does not oppose a stay of the amended judgment pending appeal, it does oppose a waiver of the supersedeas bond. (Docket # 264).

In determining whether a stay is appropriate, a court must consider "(1) whether the [petitioner] has made a strong showing that [it] is likely to succeed on the merits [of its appeal]; (2) whether the [petitioner] will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Morgan Guar. Trust Co. of New York v. Republic of Palau*, 702 F. Supp. 60, 65 (S.D.N.Y. 1988) (citing *McSurely v. McClellan*, 697 F.2d 309, 317 (D.C. Cir. 1982), *cert. denied*, 474 U.S. 1005 (1985)), *vacated on other grounds*, 924 F.2d 1237 (2d Cir. 1991). *Accord Brabson v. Friendship House of Western New York, Inc.*, 2000 WL 1335745, *1 (W.D.N.Y. 2000). These factors are to be applied flexibly, *see id.*, as applications for stays are generally granted. *See John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 1993 WL 515376, *1 (S.D.N.Y. 1993); *Liberty Mut. Ins. Co. v. Bankers Trust Co.*, 769 F. Supp. 130, 131 (S.D.N.Y. 1991).

In cases where a stay of judgment is granted, courts will customarily require the appellant to post a supersedeas bond. *Brabson v. Friendship House of Western New York, Inc.*,

2000 WL 1335745 at *1.  *See also Liberty Mut. Ins. Co. v. Bankers Trust Co.*, 769 F. Supp. at 131 (noting that it is customary practice to require posting of a supersedeas bond); *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 1993 WL 515376 at *1 (same).  The bond serves three main purposes: "first, it is to allow appellant to appeal without first satisfying the judgment; second, it is to protect the appellee's right to collect the judgment; and third, it is to guarantee the appellee the costs of delay." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 1993 WL 515376 at *1 (citing *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 702 F. Supp. at 65).  *Accord Brabson*, 2000 WL 1335745 at *1.  "The district court has discretion to grant a stay of judgment with no supersedeas bond or with only a partial supersedeas bond if doing so does not unduly endanger the judgment creditor's interest in ultimate recovery." *John Hancock Mut. Life Ins. Co.*, 1993 WL 515376 at *1 (internal quotation omitted).  The burden is upon the moving party to provide "specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment." *de la Fuente v. DCI Telecomm., Inc.*, 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003) (citing *Palazzetti Import/Export, Inc. v. Morson*, 2002 WL 562654, *3 (S.D.N.Y. 2002)).

In the case at bar, I find that EMM has failed to demonstrate sufficient justification for dispensing with the standard bond requirement.  First, EMM has not demonstrated a likelihood of success on the merits of its appeal.  The issues presented on appeal, as articulated by EMM in this motion, are not materially different from those previously argued before this Court.  Specifically, EMM challenges the jury's determination that it should have been considered an integrated enterprise with EMS.  The same argument was advanced by defendants and rejected by this Court in a motion for judgment as a matter of law under Rule 50.

No new evidence has been offered, nor has any argument not previously considered been advanced. On this record, I cannot find that EMM is likely to succeed on appeal. *See Morgan Guar. Trust Co. of New York*, 702 F. Supp. at 66.

Second, EMM has failed to offer any specific evidence to support its contention that the posting of a supersedeas bond will cause irreparable harm. EMM simply states in conclusory fashion that although it may be able to obtain the funds necessary to post the bond, "doing so would deplete the organization of assets used to ensure the normal conduct of business during what could be a two to three year appellate process." (Docket # 261). Such unsubstantiated assertions are insufficient to satisfy EMM's burden. *See de la Fuente v. DCI Telecomm., Inc.*, 269 F. Supp. 2d at 240 (requiring specific reasons for waiver of bond requirement); *John Hancock Mut. Life Ins. Co.*, 1993 WL 515376 at *2 ("[appellant] has failed to show that the posting of such a bond would have severe economic impact on [appellant]"). *See also Trans World Airlines, Inc. v. Hughes*, 314 F. Supp. 94, 98 (S.D.N.Y. 1970) (appellant "must be prepared to assume some financial burden to achieve 'business as usual'"), *aff'd as modified*, 449 F.2d 51 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973).

Finally, I find that the thirteen individual claimants and the public have an interest in ensuring that the judgment entered in favor of the claimants is enforced. By contrast, I find that no public interest would be served by waiver of the requirement, at least in the absence of any demonstrated threat to the viability of EMM. Accordingly, this Court declines to waive the requirement of the posting of the supersedeas bond.

**CONCLUSION**

For the foregoing reasons, EMM's motion to stay execution of the amended judgment without the posting of a supersedeas bond **(Docket # 261)** is **DENIED**.

**IT IS SO ORDERED.**

                                                   *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
         October   2  , 2008