MANDATE

06-5430-cv (L), 08-4308-cv (xap)
EEOC v. Everdry Waterproof

MAR 3 0 2010

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the fourteenth day of October, two thousand and nine.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> PETER W. HALL,
>     *Circuit Judges.*

OCT 1 2009

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

> *Plaintiff-Appellee-Cross-Appellant,*

> -v.-

Nos. 06-5430-cv (L),
08-4308-cv (xap)

EVERDRY MARKETING AND MANAGEMENT, INC.,
AND EVERDRY OF ROCHESTER,

> *Defendants-Appellants-Cross-Appellees.*

EVERDRY MANAGEMENT SERVICES, INC.,

1

MANDATE ISSUED ON 03/15/2010

also known as Everdry Waterproofing,

*Defendant-Counter-Claimant-Appellant-Cross-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FOR PLAINTIFF-APPELLEE:**                       SUSAN L.P. STARR, (Ronald S. Cooper, General Counsel, Vincent J. Blackwood, Acting Associate General Counsel, *on the brief*) Equal Employment Opportunity Commission, Washington, D.C.

**FOR DEFENDANTS-APPELLANTS:**                       HAROLD SCHWARZ, KENNETH B. BAKER, Javitch, Block & Rathbone, L.L.P., Cleveland, OH, for Everdry Marketing and Management, Inc.  Sanford R. Shapiro, Boylan, Brown, Code, Vigdor & Wilson, L.L.P., Rochester, NY, for Everdry Management Services, Inc.

Appeal from a July 2, 2008 order of the United States District Court for the Western District of New York (Marian W. Payson, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Defendants-appellants Everdry Marketing and Management, Inc. ("EMM") and Everdry Management Services, Inc. ("EMS") appeal from an order denying their motions for judgment as a matter of law following a jury verdict in favor of plaintiff-appellee the Equal Employment Opportunity Commission ("EEOC"), in plaintiff's action on behalf of multiple EMS employees subjected to sexual harassment in the workplace. The District Court denied defendants' motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, and entered final judgment for plaintiff on November 7, 2006.  Pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, both defendants and plaintiff moved to amend or correct the judgment. Plaintiff also sought an order for injunctive relief against defendants.  On July 2, 2008, the District Court issued an amended judgment to reduce the compensatory damage award and to include, in part, prejudgment interest.  The District Court denied plaintiff's motion for injunctive relief.   Defendants appeal the final judgment against them.  Plaintiff counter-appeals the District Court's denial of injunctive relief.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, defendants argue that the District Court erred in (1) denying their motion for judgment as a matter of law due to insufficient evidence establishing that EMM and EMS are an integrated enterprise, (2) failing to remit the damages award to reflect that if EMM and EMS were an integrated enterprise, that integration was limited to a window of months in which an EMM employee fulfilled management duties at EMS, (3) failing to instruct the jury on punitive damages, and (4)

2

declining to remit the punitive damages award against EMM because it is allegedly so high as to shock the conscience. Plaintiff defends the District Court's judgment and damages award, but contends that the District Court "abused its discretion" in denying its motion for injunctive relief against both defendants.

### Judgment as a Matter of Law

We review *de novo* a district court's order denying a motion for judgment as a matter of law under Rule 50. *See, e.g., Broadnax v. City of New Haven*, 415 F.3d 265, 267 (2d Cir. 2005). A court should grant a motion for judgment as a matter of law after the jury has returned a verdict only when there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or . . . such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1046 (2d Cir. 1992). In determining whether judgment as a matter of law is appropriate, the court should "review all of the evidence in the record. In doing so . . . the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. . . . [T]he court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000) (internal quotation marks and citations omitted). Although defendants contend that evidence of the interrelation of operations and control of labor relations, *see Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235 (2d Cir. 1995), between EMM and EMS was insufficient to support the jury's finding that the two companies constitute a single, integrated enterprise, we agree with the District Court that there is no reason to overturn the jury's finding. Based on the record of the entire proceeding, we cannot say that there was "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture." *Song*, 957 F.2d at 1046.

### Damages Award

"The standard for appellate review of damages awards, whether compensatory or punitive, 'is whether the award is so high as to shock the judicial conscience and constitute a denial of justice.'" *O'Neill v. Krzeminski*, 839 F.2d 9, 13 (2d Cir. 1988) (quoting *Zarcone v. Perry*, 572 F.2d 52, 56 (2d Cir. 1978)). In reviewing a claim of excessive damages, "an appellate court must accord substantial deference to the jury's determination of factual issues. In examining a lower court's discretionary refusal to set aside a verdict, an appellate court must view the evidence and draw all factual inferences in favor of the appellee." *Wheatley v. Ford*, 679 F.2d 1037, 1039 (2d Cir. 1982) (citations omitted). Because defendants' challenge to punitive damages was not made below, the award can only be overturned to "prevent a manifest injustice" if the jury's verdict is "wholly without legal support." *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 199 (2d Cir. 2004) (internal quotation marks omitted). On appeal, defendants also challenge the jury instructions on punitive damages. Our review, however, shows that the punitive damages awards have legal support, and we find no error in the court's instructions.

3

**Injunctive Relief**

We review a district court's denial of a motion for injunctive relief for "abuse of discretion." *See Forschner Group, Inc. v. Arrow Trading Co.*, 124 F.3d 402, 406 (2d Cir. 1997); *Soltext Polymer Corp. v. Fortex Indus., Inc.*, 832 F.2d 1325, 1329-30 (2d Cir. 1987). The discretion whether to order injunctive relief must be "guided by sound legal principles." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416 (1975). In seeking an injunction, "[t]he moving party must satisfy the court that relief is needed. The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953).

As the District Court noted in its careful opinion denying injunctive relief, an "exercise of discretion [to issue an injunction] is inappropriate [here] because the post-trial record demonstrates that EMS is no longer a viable operating entity." *EEOC v. Everdry Marketing & Mgmt., Inc*, 556 F. Supp. 2d 213, 225 (W.D.N.Y. 2008). Even if EMM allowed the alleged harassment to occur at EMS, the harassment itself never took place at EMM. We therefore agree with the District Court that the finding that EMM and EMS are a single, integrated enterprise does not, standing alone, present a "cognizable danger of recurrent violation . . . which serves to keep the case alive." *W.T. Grant Co.*, 345 U.S. at 633. Going forward—EMS no longer exists. All of the claims related to Rochester, which is now cut off. Accordingly, we find, in the circumstances presented here, that the District Court did not "abuse its discretion" in denying plaintiff's motion for injunctive relief.

We have considered all of plaintiffs' remaining contentions and find them to be without merit.

**CONCLUSION**

For the reasons stated above, the judgment of the District Court is AFFIRMED and costs are GRANTED to the EEOC.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit